Rose *v.* Jacobs.

5-1957                                                  329 S. W. 2d 170

Opinion delivered November 30, 1959.

*Robert J. Brown* and *Alonzo D. Camp,* for appellant.

*Paul L. Barnard* and *Frank J. Wills,* for appellee.

Carleton Harris, Chief Justice.   Willie B. Rose and
wife, Vera Rose, held title to property at 3216 Arch
Street, Little Rock, as an estate by the entirety.   In 1943,
Willie left and went to California.   On December 8, 1949,
Vera obtained a divorce in the Pulaski Chancery Court.
The decree recites that ''the defendant comes not in per-
son but files herein a letter through his attorney, John
D. Drake, 721 W. McArthur Blvd., Oakland 9, Calif.'',
and further recites that the action is heard ''upon the
complaint of plaintiff, the testimony of Vera Rose, plain-
tiff, and Carrie B. Flagg, taken *ore tenus* at the bar of
the Court, the letter of John D. Drake, Attorney at Law,
721 West McArthur Blvd., Oakland 9, California, stating
that the defendant has filed a complaint in California

wherein he did not ask for any interest in the community property owned by the parties. * * *'' The court dissolved the estate by the entirety and vested title absolutely in Vera Rose. On April 3, 1954, Vera died intestate, being survived by her father, J. W. Glasco, now deceased, and a sister and brother, Zenobia Jacobs and Cleopas Glasco. On July 21, 1954, Willie Rose brought an unlawful detainer action for said property against J. W. Glasco, but took a non-suit on April 4, 1955. In March, 1957, Willie filed two motions in the original divorce suit, alleging that the court ''had no jurisdiction to dissolve the estate by the entirety, and had no jurisdiction to decree divestment of defendant's title as a tenant by the entirety, and no jurisdiction to vest title thereto in plaintiff''; asked that the court enter an order reopening the case; that Zenobia Glasco Jacobs and Cleopas Glasco be made parties thereto; that the decree of December 8, 1949, ''be amended and modified to decree ownership in fee by right of survivorship in Willie B. Rose''; and further asked judgment for $1,875 as rent. The court's decree, entered on August 2, 1957, recites that ''said cause was submitted to the Court upon the records in this case and upon testimony of Willie Rose, Zenobia Glasco Jacobs and others taken *ore tenus* at the bar of the court, * * * and the Court being well and sufficiently advised as to all matters of fact and law arising herein and the premises being fully seen, doth order, adjudge and decree that the two motions of Willie B. Rose filed herein March, 1957, be and they are hereby dismissed.'' On March 7, 1958, appellant filed a suit in ejectment against Zenobia Glasco Jacobs and her husband, Willie S. Jacobs, seeking substantially the same relief as was sought by the two motions in 1957, and appellees answered, asserting the defense of adverse possession, and also the defense of *res judicata,* based on the court's decree of August 2, 1957. The parties waived a jury and submitted the cause to the Circuit Court. On hearing, the Court found for appellees, and entered its judgment dismissing appellant's complaint ''as being without merit.'' From such judgment comes this appeal.

We are of the opinion that this litigation is controlled by the rule of *res judicata; i.e.,* we hold that appellant's rights in and to this property were adjudicated by the order of the Chancery Court on August 2, 1957; it therefore becomes unnecessary to discuss other points which have been raised.

Appellant contends that this prior order is not *res judicata* for two reasons. First, because the original decree in 1949 was void insofar as it dissolved the estate by the entirety, and second, the defendants in the 1957 motions were not the same defendants as in the present litigation. We first consider the second point. The 1957 defendants were Zenobia Glasco Jacobs, also a defendant in the present action, and her brother, Cleopas Glasco. In the instant case, Glasco is not a defendant, but instead, Willie S. Jacobs, husband of Zenobia, was made a party. While the record does not disclose the reason for making Willie Jacobs a party, it was evidently based on the fact that he was living on the property with his wife. There is no intimation that Jacobs has any rights, other than through his wife, but at any rate, this is not a defense available to appellant. Had Rose been successful in 1957, and it developed that Jacobs had an interest in the property apart from any interest claimed by his wife, then *Jacobs, in the present action, might well contend that he was not barred by the 1957 decree* since he was not made a party at that time. *But appellant had his day in Court.* The issue before the Circuit Court in the present litigation, while a suit in ejectment, actually was the same issue heard before the Chancellor in 1957, for in each instance, appellant was contending that the property belonged to him and he was entitled to possession of it. In 50 *Corpus Juris Secundum,* § 763, page 291, it is stated:

"Since the identity of parties is not a mere matter of form, but of substance, the rule of *res judicata* should not be defeated by minor differences of parties. Thus, where the issues in separate suits are the same, the fact that the parties are not precisely identical is not necessarily fatal to the conclusive effect of the prior judgment,

and a substantial identity is sufficient. \* \* \* This rule, that there must be a substantial identity of parties as well as of the subject matter, is based on the fundamental principle that no man can be deprived of his property except by due process of law, a principle which in the United States has been embodied in the Federal Constitution and in the constitutions of the several states. *It has also been held that the true reason for holding an issue res judicata is not necessarily the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issues, even though defendant in the second suit was not a party, nor in privity with a party, in the first suit.*"[1]

More vigorously, appellant contends that the order of the court on December 8, 1949, in the original divorce decree, dissolving the estate by the entirety, and vesting the title absolutely in Vera, was a complete nullity; that since the decree of dissolution was completely void, no subsequent proceedings in the court were of any effect; in other words, that all proceedings founded on a void judgment are a nullity.

It is not necessary for us to pass on the validity of the original order of dissolution (though there is some indication that appellant may have entered his appearance), for we do not agree with appellant's assertion that all subsequent proceedings were void. Even if the 1949 decree was void, the defense of *res judicata* was properly raised by virtue of the 1957 proceeding. These motions to modify the 1949 decree were heard by the court, and its decree rendered. In *Restatement of the Law of Judgments,* § 13, page 73, we find:

"Where an action is brought upon a judgment in a court having jurisdiction over the parties and a judgment is rendered for the plaintiff, the second judgment is not

---

[1] Emphasis supplied.

open to collateral attack on the ground that the original judgment was void.''

Under the comment, it is further stated:

''Where a court renders judgment against a defendant over whom it has no jurisdiction, and the plaintiff thereafter brings an action upon the judgment in the same State or in another State and the defendant appears in the action and sets up the invalidity of the prior judgment as a defense, and the court erroneously holds that the prior judgment was valid and gives judgment for the plaintiff, this judgment is not void and is not open to collateral attack. Where the court in the second action has jurisdiction to render a judgment, the judgment is not subject to collateral attack even if it is erroneous on the law or the facts. The decision of the court makes the matter *res judicata*.''

If appellant felt aggrieved, he had every right and opportunity to appeal from the decree of August 2, 1957; not having done so, he is bound by the findings and order made. Were it otherwise, appellant could, by regularly filing motions seeking to set aside the dissolution feature of the 1949 decree, continue to obtain hearings until the court agreed with his contentions.

Finding no error, the judgment is affirmed.