John F. WELLS et al *v.* ARKANSAS
PUBLIC SERVICE COMMISSION et al

81-2                                      616 S.W. 2d 718

Supreme Court of Arkansas
Opinion delivered May 18, 1981
[Rehearing denied June 22, 1981.]

*James F. Lane*, for appellant.

*Steve Clark*, Atty. Gen., by: *Rodney E. Slater*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellants, John F. Wells and Independent Voters of Arkansas, filed suit in the Second Division Pulaski County Chancery Court seeking to enjoin the state-wide reassessment order of the Second Division Pulaski County Circuit Court which was affirmed by this court in an action entitled *Arkansas Public Service Commission* v. *Pulaski County Board of Equalization*, 266 Ark. 64, 582 S.W. 2d 942 (1979). Appellants sought to enjoin the appellees from performing any duties relating to the circuit court ordered reassessment plan and to enjoin expenditures of any money by any person pursuant to Acts of the General Assembly 1980, No. 1. The chancellor found all allegations of the complaint, except one, were included in the circuit court case and the doctrine of res judicata applied. The one issue not included in the former case was moot at the time and has not been argued on appeal.

Appellants argue three issues for reversal: (1) the trial court erred in finding the issues presented in the complaint were included in the prior trial and therefore subject to the doctrine of res judicata; (2) the Pulaski County Circuit Court had no jurisdiction to order state-wide reappraisal; and (3) the trial court erred in applying the Constitution of Arkansas, Art. 16 § 5, because it had been superseded by Amendment 47 to the Constitution. We do not agree with any of the three arguments.

Appellants have no quarrel with the part of the prior reassessment case in which the word "value" was determined to mean the current market value. However, they argue the circuit court reached beyond its jurisdiction in approving the 5-year schedule of compliances. In short, the real issue to be determined by this court is whether the 5-year compliance schedule attached to the circuit court order was properly decided by this court in *Arkansas Public Service*

*Commission* v. *Pulaski County Board of Equalization*, supra. If so, then this case is at an end. If not, the case will have to be remanded for further action at the trial level. We do not discuss the jurisdiction of the chancery court because it has not been questioned nor argued.

We first consider the question of res judicata and when it is applied. Generally speaking, it applies when there has been a final adjudication on the merits of an issue, without fraud or collusion, by a court of competent jurisdiction, on the matters litigated or which might have been litigated. *Robertson* v. *Evans*, 180 Ark. 420, 21 S.W. 2d 619 (1929); *Hastings* v. *Rose Courts*, 237 Ark. 426, 373 S.W. 2d 583 (1963), cert. denied 377 U.S. 964 (1964). It is res judicata even though not adjudicated if the matters were necessarily within the issues and might have been litigated in the former suit. *Gosnell Special School District No. 6* v. *Baggett*, 172 Ark. 681, 290 S.W. 577 (1927); *Timmons* v. *Brannan*, 225 Ark. 220, 280 S.W. 2d 393 (1955); and *Hastings* v. *Rose Courts*, supra. The exact same parties are not required as it is sufficient if there is substantial identity of the parties. *Rose* v. *Jacobs*, 231 Ark. 286, 329 S.W. 2d 170 (1959). In *Hastings* v. *Rose Courts*, supra, we quoted 50 C.J.S. 293, "Judgments" § 763:

> *... It has also been held that the true reason for holding an issue res judicata is not necessarily the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy, and that a plaintiff who deliberately selects his forum is bound by an adverse judgment therein in a second suit involving the same issues, even though defendant in the second suit was not a party, nor in privity with a party, in the first suit.*

Appellants do not argue that fraud or collusion was used to procure the circuit court judgment nor that the case was not bona fide and in good faith; these being the only exceptions to a bar in res judicata or second trial. The only other avenue to avoid the doctrine is that of lack of jurisdiction in the trial court and this court. This is what the

appellants have tried to do in this case. However, the record of the circuit court case is a part of the record in this case and is listed as an exhibit. We find that the subject of the 5-year plan was proposed in the circuit court trial and that most of the parties approved the schedule. In any case the trial court made it a part of its final judgment and it was argued rather forcefully on appeal. This court, by a majority opinion, held the 5-year plan was a proper procedure and affirmed the action of the trial court. No appeal to the United States Supreme Court was taken. Therefore, we reaffirm our prior action by agreeing that the doctrine of res judicata was properly applied by the chancellor in the trial below.

The circuit court order was not an encroachment upon the legislative branch of the government. It was simply a court order which set a deadline beyond which it would not tolerate the PSC's failure to equalize property taxes in Arkansas as mandated by the constitution. Appellants' efforts to smuggle in a second appeal on the same case will not be allowed. One fair trial on the merits of the case is all appellants are entitled to.

Affirmed.

HICKMAN, J., concurs.

HOLT, J., not participating.

DARRELL HICKMAN, Justice, concurring. I agree with the decision reached but want to emphasize two things. First, I still believe the majority was wrong in ordering reappraisal to take place over five years. Reappraisal implementation was no doubt a decision for the other branches of government. I still feel that this court's role was limited to deciding whether the constitution was being followed. *Arkansas Public Service Commission* v. *Pulaski County Board of Equalization*, 266 Ark. 64, 582 S.W. 2d 942 (1979). But that is water long over the dam. The appellant attempts to reopen this case almost three years later. Right or wrong, reappraisal has been ordered and it ought to proceed.

Actually, the General Assembly decided to have the

reappraisal done in three years (Act 69 of 1980 [Extraordinary Session]) after our decision. This caused yet another lawsuit since that "plan" conflicted with the majority's five-year "plan." I point this out merely to remind the majority that when it meddles in the business of other branches of government, the process of government is disrupted, not aided.

Aside from all this, the appellant has made one point that I feel should be emphasized for posterity. This court should not be bound in taxpayers' lawsuits and test cases to the often self serving actions of litigants or lawyers. I think that is what happened originally in this case. Some of the parties, none of whom represented the parties who would suffer prejudice, agreed that it would be well if fifteen counties reappraised their property each year for five years. The majority blindly accepted that agreement, totally ignoring the rights of those unrepresented. It did not have to do so. In two cases we have made it plain that counsel in such test cases or cases affecting large segments of the public cannot through ignorance or design limit this court's authority. *Pafford* v.*Hall*, 217 Ark. 734, 233 S.W. 2d 72 (1950);*Parker* v. *Laws*, 249 Ark. 632, 460 S.W. 2d 337 (1970).