Thomas GWIN *v.* R. D. HALL TANK COMPANY, Employer, and CRUM & FORSTER, INCORPORATED, Carrier

CA 83-222                                               660 S.W.2d 947

Court of Appeals of Arkansas
Division I
Opinion delivered November 16, 1983

*Whetstone & Whetstone,* by: *Bud Whetstone,* for appellant.

*Barber, McCaskill, Amsler, Jones & Hale,* for appellee.

GEORGE K. CRACRAFT, Judge. Thomas Gwin appeals from a determination of the Arkansas Workers' Compensation Commission that his attorney is not entitled to have the remaining attorney's fees allowed him by the Commission in one lump sum because an order filed on November 30, 1981 regarding the manner in which attorney's fees were to be paid had become res judicata. We agree with the Commission.

On March 27, 1978 the Commission found that Thomas Gwin was permanently and totally disabled and awarded him full benefits as provided in the Act. It also awarded his attorney the maximum attorney's fees allowable on the controverted portions of the claim. The award made no provision for the manner in which the attorney's fees would be paid but the carrier made these payments in quarterly installments. A subsequent petition filed by Gwin for

allowance of mileage expense incurred for medical treatment also included a petition that his attorney's fees be paid biweekly. On November 31, 1981 the Administrative Law Judge entered an order allowing the mileage expense and directing that the attorney's fees be paid "on a biweekly basis *as accrued*." Although Ark. Stat. Ann. § 81-1332.1 (Supp. 1983) authorizing the Commission to approve lump sum attorney's fees for legal services was then in effect, no request for lump sum payment of attorney's fees was made. In this respect this case is distinguished from *Aluminum Co. of America* v. *Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982) where we approved an order authorizing lump sum payment of fees awarded on a weekly basis prior to the effective date of the Act. There the issue of the manner of payment could not have been raised in the prior hearing.

Almost a year later a petition was filed asking that the balance of attorney's fees be paid in one lump sum as provided in § 81-1332.1. The Commission affirmed the Administrative Law Judge's determination that the order of November 30, 1981 was a bar to the relief requested under the doctrine of res judicata. The appellant contends that the Commission erred in that ruling. We disagree.

Generally speaking res judicata applies where there has been a final adjudication on the merits of an issue by a court of competent jurisdiction on all matters litigated and those matters necessarily within the issue which might have been litigated. *Wells* v. *Ark. Public Service Commission*, 272 Ark. 481, 616 S.W.2d 718 (1981). Although the Compensation Commission is not a court, its awards are in the nature of judgments. In *Andrews* v. *Gross & Janes Tie Co.*, 214 Ark. 210, 216 S.W.2d 386 (1948) and *Mohawk Tire & Rubber Co.* v. *Brider*, 259 Ark. 728, 536 S.W.2d 126 (1976), the court declared that the doctrine of res judicata, which forbids the reopening of matters once judicially determined by competent authority, applies to decisions of the Arkansas Workers' Compensation Commission.

The appellant argues that the issue of the lump sum attorney's fee was not "necessarily within the issue considered below and therefore not one which might have been

litigated in it." He argues that the issue of lump sum fee was not mentioned in the previous proceeding and had no bearing on a decision that the controverted fee previously awarded be paid in biweekly installments. He contends that he was not required to raise that issue and that his failure to do so does not foreclose his present request.

At the time the petition seeking biweekly payments was filed the claimant had a right to ask that his attorney be paid in one lump sum. He did not do so and the Administrative Law Judge entered an award directing that the attorney's fees be paid on a biweekly basis, *as they accrue*. The order of the Administrative Law Judge became final after a period of thirty days had expired and no petition for a review by the Full Commission was made. Ark. Stat. Ann. § 81-1325 (a) (Supp. 1983). We agree with the Commission that at the end of thirty days the award became final, not only as to the amount of compensation but also as to the manner in which it was to be paid, and that a reopening of the matter is barred by the doctrine of res judicata.

Affirmed.

GLAZE and COOPER, JJ., agree.