Richard JOHNSON *v.* DIRECTOR OF LABOR

E 82-338                                    661 S.W.2d 401

Court of Appeals of Arkansas
Division I
Opinion delivered November 23, 1983

*Charles L. Kennon,* Rule XII Law Student, and *James R. Cromwell,* UALR School of Law Legal Clinic, for appellant.

*Thelma Lorenzo,* for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant seeks review of a decision which allowed the Employment Security Division to recoup from current unemployment benefits an overpayment previously made.

In the summer of 1981, the agency denied appellant's claim for benefits because it found he had quit his job without good cause in connection with the work. However, he was inadvertently paid benefits for eight weeks which resulted in a total overpayment of $1,088.00. By notice dated October 21, 1981, appellant was informed of the amount of this overpayment and of his liability for repayment. That determination was appealed to the Appeal Tribunal and on November 23, 1981, the tribunal issued a decision affirming the agency determination. Ark. Stat. Ann. § 81-1107 (f) (2) (Supp. 1983) provides such overpayment may be recovered by deduction from future benefits unless it is found that it was made without fault on the part of the recipient and that its recovery would be against equity and good conscience. The decision issued by the tribunal was not appealed, but it made no finding as to whether recovery would be against equity and good conscience.

Appellant applied for unemployment benefits again in June of 1982 and the Employment Security Division notified him that those benefits would be withheld until the 1981 overpayment had been recovered. By a series of letters to the Appeal Tribunal and Board of Review, counsel for appel-

lant requested a hearing on the question of whether repayment would be against equity and good conscience. The tribunal and the board both refused to grant such a hearing because they contended the decision of November 23, 1981, became final and binding when the time for its appeal expired.

Appellant has filed a petition for review in this court and makes various arguments to support his contention that we should direct the Board of Review to afford him a hearing on whether recoupment of the overpayment would be against equity and good conscience. We find, however, that the petition should be denied.

In *Pritchett* v. *Director of Labor,* 5 Ark. App. 194, 634 S.W.2d 397 (1982), we affirmed the Board of Review's decision that the claimant had left her job without good cause in connection with the work, but we reversed the board's finding of liability to repay benefits already received and said:

> If appellant has been paid benefits to which she was not entitled, due process requires that her liability to repay the amount so received must be determined after she has been afforded the opportunity of a hearing, after proper notice, upon all the issues set out in Ark. Stat. Ann. § 81-1107 (f) (2) (Supp. 1981). *Whitford* v. *Daniels,* 263 Ark. 222, 563 S.W.2d 469 (1978); *Paulino* v. *Daniels,* 269 Ark. 676, 599 S.W.2d 760 (Ark. App. 1980).

It should be noted that *Pritchett* was in this court on a direct and timely appeal from a decision holding the appellant liable to repay benefits received. But that is not the situation here. In this case there was no appeal from the decision of liability to repay benefits and that decision was final and is not before us.

*Pritchett* and the *Paulino* case cited therein are relied upon by appellant for the proposition that the right to be heard is a fundamental requirement of due process. In *Paulino* the appellant attempted to appeal from the Appeal Tribunal to the Board of Review after the 15 days allowed by

the Employment Security Act had elapsed and the board dismissed her appeal. This court reversed and remanded for the board to consider the appellant's contention that her late filing was due to circumstances beyond her control — a statutory excuse which allowed the appeal to be considered as timely filed. Again, that case was before this court on appeal, but in the present case the issue of repaying benefits has been decided and has not been appealed to us.

In *Stover* v. *Deere,* 249 Ark. 334, 461 S.W.2d 393 (1971), an unemployment benefit case, the court was unwilling to allow an issue to be raised that should have been decided in the first instance. To grant appellant's petition for remand in the present case would result in piecemeal adjudication and in light of the nature and volume of unemployment claims is not a desirable method of handling those matters. Res judicata applies to the decisions of boards and commissions as well as courts. *Wells* v. *Ark. Public Service Comm'n,* 272 Ark. 481, 616 S.W.2d 718 (1981); *Mohawk Tire & Rubber Co.* v. *Brider,* 259 Ark. 728, 536 S.W.2d 126 (1976). In *Smith* v. *Smith,* 241 Ark. 465, 409 S.W.2d 317 (1966), the court quoted from an earlier decision as follows:

> The true reason for holding an issue res judicata is not necessarily for the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into controversy. . . . Further, res judicata is applicable not only to an issue actually litigated, but also governs as to matters within the issue that might have been litigated.

We think the appellant was afforded a reasonable and meaningful opportunity to present the issue of equity and good conscience before the Appeal Tribunal and to appeal from its decision. This meets the requirements of due process, *Mathews* v. *Eldridge,* 424 U.S. 319 (1976), and is in accordance with our statutory and case law. Therefore, his petition for review is denied.

COOPER and CORBIN, JJ., agree.