796 F.2d 1063
 33 Ed. Law Rep. 1074
 Kenneth E. GAHR, Appellant,
v.
Patricia TRAMMEL, Woodrow Horton, Inez Reavis and Dino
Mengareli, All Members of the School Board for
Turrell, Crittenden County, Arkansas and
Mahlon McFatridge,
Superintendent of
Schools, Appellees.
 No. 85-1612.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1986.
Decided July 24, 1986.
 
 Chadd L. Durrett, Jr., West Memphis, Ark., for appellant.
 Elton A. Rieves, IV, West Memphis, Ark., for appellees.
 Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge and ROSS, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Kenneth E. Gahr brought suit in federal district court against the individual members of the school board of Turrell, Arkansas, and the superintendent of Turrell schools, alleging that the defendants terminated Gahr's employment as a teacher in violation of his first and fourteenth amendment rights. The district court[1] granted the defendants' motion for summary judgment, holding that an Arkansas state court's affirmance of the school board's decision to terminate Gahr precluded litigation of Gahr's constitutional claims in federal court under the doctrine of res judicata. Gahr challenges this holding on appeal. For the reasons discussed below, we affirm.
 
 I. BACKGROUND
 
 2
 For almost twelve years, Kenneth Gahr taught at the Turrell Public Schools in Turrell, Arkansas. In about February 1982, the superintendent of Turrell schools, Mahlon McFatridge, learned that some students were complaining that they were not learning anything in one of Gahr's classes. During an investigation resulting from these complaints, McFatridge heard that Gahr had told several persons that McFatridge and other school personnel were stealing food from the school cafeteria. Gahr later denied making these accusations, although he admitted that he had heard rumors concerning those thefts.
 
 
 3
 On March 12, 1982, McFatridge suspended Gahr with pay pending an investigation of whether Gahr had, in fact, accused McFatridge and the others of stealing. In a subsequent letter confirming the suspension, McFatridge informed Gahr that he had a statutory right to a hearing before the school board on the suspension. Gahr retained an attorney, who requested a hearing and a list of all witnesses that would be called on behalf of Turrell Public Schools.
 
 
 4
 Before the board held the hearing, McFatridge formally notified Gahr in writing that he was recommending to the school board that it terminate Gahr's teaching contract. McFatridge attached affidavits to the notification from three persons attesting that they heard Gahr make statements accusing a school employee and a school board member of stealing from the school cafeteria, and implying that McFatridge tolerated these thefts. McFatridge informed Gahr that he believed that the Turrell school system "[could not] tolerate unfounded accusations being made in the community by you which reflect upon the integrity" of school personnel.
 
 
 5
 At the time that these events transpired, Arkansas law provided that teachers could be terminated during their contract term only for reasons that were not "arbitrary, capricious, or discriminatory." Teacher Fair Dismissal Act of 1979, Ark.Stat.Ann. Sec. 80-1264.4 (1980) (repealed effective July 4, 1983).[2] A teacher notified of the superintendent's decision to recommend termination could request a hearing before the school board on the recommendation. Ark.Stat.Ann. Sec. 80-1264.8. A "nonprobationary" teacher, one employed by the district for more than three years, who is subsequently terminated by the school board, could appeal the board's decision to the state circuit court of the county in which the school district is located. Ark.Stat.Ann. Sec. 80-1264.9(b). The statute provides that this appeal constitutes "[t]he exclusive remedy for any person aggrieved by the decision of the school board * * *." Id.[3]
 
 
 6
 By agreement of the parties, the school board[4] met on April 13, 1982, to hear the matter of Gahr's suspension and the recommended termination. At Gahr's request, the board held a public hearing and kept a record of the proceedings. Both the school and Gahr were represented by counsel. Both sides submitted documentary evidence, called witnesses, cross-examined those called by opposing counsel, and objected to certain evidence. Gahr was among the persons testifying, contending that he had not accused the school personnel of stealing, although he may have once told another person that rumors to such effect had been floating around town. The attorneys for Gahr and the school made closing statements, alternatively asserting or denying that the proposed termination of Gahr was "arbitrary, capricious, or discriminatory." Following closing arguments, the school board members withdrew for deliberations. After an undisclosed period of time, the board members returned to the hearing, and each publicly voted to terminate Gahr.
 
 
 7
 Gahr appealed the board's decision to terminate him to the appropriate state circuit court. He alleged as grounds for his appeal that he "was terminated during the term of his contract without valid cause," and requested "all proper relief to which [he] may be entitled." By stipulation of counsel, the parties submitted the matter to the court on the pleadings and the transcript of the school board hearing. By order of January 27, 1983, the circuit court affirmed the board's action, holding that Gahr's termination was not arbitrary, capricious or discriminatory, and that Gahr had received a fair hearing before the school board. Gahr did not exercise his right to appeal this decision to the Arkansas appellate courts.
 
 
 8
 Over a year and one-half after entry of the circuit court's order, Gahr filed suit in federal district court under 42 U.S.C. Sec. 1983, alleging that his termination constituted a "patently unjust, arbitrary and capricious denial of [his] due process rights," and a retaliation against him for allegedly accusing school personnel of theft. The district court held that, under Arkansas law, the doctrine of res judicata would bar litigation of Gahr's constitutional claims in the Arkansas courts. The district court concluded that the full faith and credit requirements of 28 U.S.C. Sec. 1738 (1982) demanded that Gahr be likewise precluded from pursuing his claims in federal court. The district court consequently granted the defendants' motion for summary judgment. This appeal followed.
 
 II. DISCUSSION
 
 9
 Under 28 U.S.C. Sec. 1738, federal courts must give the same preclusive effect to state court judgments in section 1983 actions as the judgments would receive in the courts of the rendering state. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 80-81, 104 S.Ct. 892, 896-97, 79 L.Ed.2d 56 (1984); Allen v. McCurry, 449 U.S. 90, 96-97, 101 S.Ct. 411, 415-16, 66 L.Ed.2d 308 (1980); see Parsons Steel, Inc. v. First Alabama Bank, --- U.S. ----, 106 S.Ct. 768, 771-72, 88 L.Ed.2d 877 (1986); Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 1331-32, 84 L.Ed.2d 274 (1985). If, under Arkansas law, Gahr is precluded from litigating his claims in state court, he cannot pursue them in federal court unless the prior state proceeding did not provide Gahr with a full and fair opportunity to present his claims. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480-81, 102 S.Ct. 1883, 1896-97, 72 L.Ed.2d 262 (1981); cf. Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) (arbitration ruling will not be given preclusive effect in subsequent Title VII case because, in part, arbitration procedures inadequately protected federal rights guaranteed by Title VII).
 
 
 10
 We are therefore presented with two issues in this appeal. First, we must determine whether, under Arkansas law, the state court affirmance of Gahr's termination would bar Gahr from litigating his due process and his first amendment claims in Arkansas courts. In identifying the state law, we generally defer to the reasonable interpretation of the law by the district court. Hickman v. Electronic Keyboarding, Inc., 741 F.2d 230, 232 (8th Cir.1984). If the Arkansas law of preclusion bars Gahr's action, we must then decide whether Gahr had a full and fair opportunity to litigate his claims in the state proceedings. The state procedures will be judged adequate if they "satisfy the minimal procedural requirements of the Fourteenth Amendment's Due Process Clause." Kremer v. Chemical Constr. Corp., 456 U.S. at 481, 102 S.Ct. at 1897.
 
 A. Res Judicata Under Arkansas Law
 1. The Due Process Claim
 
 11
 The main focus of Gahr's section 1983 action rests on his allegation that his termination by the school board constituted a "patently unjust, arbitrary and capricious denial of [his] due process rights." The district court concluded that this due process claim had been raised and decided by the state circuit court. It held that Arkansas preclusion law would therefore prevent Gahr from relitigating the claim in state court.
 
 
 12
 The Arkansas law of claim preclusion[5] forecloses litigation of all matters that were or could have been litigated in a prior suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privities. Bailey v. Harris Brake Fire Protection Dist., 287 Ark. 268, 697 S.W.2d 916, 917 (1985); see Wells v. Arkansas Pub. Serv. Comm'n, 272 Ark. 481, 616 S.W.2d 718, 719 (1981); The Estate of Knott by Knott v. Jones, 14 Ark.App. 271, 687 S.W.2d 529, 531 (1985); Gwin v. R.D. Hall Tank Co., 10 Ark.App. 12, 660 S.W.2d 947, 948 (1983). When these conditions are satisfied, a judgment affirming an administrative decision, and, in some instances, the administrative decision itself may have preclusive effect. See, e.g., Mohawk Tire & Rubber Co. v. Brider, 259 Ark. 728, 536 S.W.2d 126, 128 (1976); Bockman v. Arkansas State Medical Bd., 229 Ark. 143, 313 S.W.2d 826, 829 (1958); Johnson v. Director of Labor, 10 Ark.App. 24, 661 S.W.2d 401, 402 (1983); Rainbolt v. Everett, 6 Ark.App. 204, 639 S.W.2d 532, 534 (1982).
 
 
 13
 Gahr initially argues that he did not and could not have raised his due process claim before the state circuit court.[6] He asserts that the doctrine of res judicata therefore would not bar him from proceeding with this action in Arkansas courts. See Dickerson v. Union Nat'l Bank of Little Rock, 268 Ark. 292, 595 S.W.2d 677 (1980); Restatement (Second) of Judgments Sec. 26(1)(c) (1982). He contends that the district court consequently erred in determining that res judicata prevented him from proceeding with his due process claim in federal court.
 
 
 14
 We agree with Gahr's assertion that he cannot be precluded from pursuing a claim that he neither could nor did raise in the prior state proceeding. The doctrine of res judicata seeks to put an end to vexatious litigation; it does not seek to prevent an injured party from reaching the courthouse doors on a claim neither litigated nor litigable in the prior lawsuit between the parties. However, we do not face a situation in which the application of claim preclusion would deprive a litigant of his or her day in court. On the contrary, our review of the record reveals that Gahr did in fact present his due process claim to the state court on appeal from the school board's termination decision.
 
 
 15
 The Teacher Fair Dismissal Act of 1979 prevented the school board from discharging Gahr for any arbitrary, capricious, or discriminatory reason. Ark.Stat.Ann. Sec. 80-1264.4. The Act thus required the school board to comport with the due process standard forbidding arbitrary and capricious action on the part of state officials. See Moore v. Warwick Public School Dist. No. 29, 794 F.2d 322, 328 - 330 (8th Cir.1986). Not surprisingly, therefore, Gahr's hearing before the school board revolved around whether his termination would be grounded on arbitrary or capricious reasons.
 
 
 16
 At Gahr's hearing, his counsel vigorously argued that discharging Gahr would be arbitrary and capricious, contending that the evidence failed to establish unequivocally that Gahr had accused the superintendent or the others of stealing food from the cafeteria. The school's counsel argued the contrary, asserting that Gahr's termination would not be arbitrary or capricious because the evidence clearly established that Gahr had made the false accusations. Following closing arguments, the school board privately conferred and then publicly voted to discharge Gahr. Thus, in the context of the case, it is evident that the school board concluded that Gahr's discharge would not be arbitrary, capricious or discriminatory because Gahr had made the derogatory statements.
 
 
 17
 Gahr's appeal to the state court challenged these findings by contending that the school board had terminated him "without valid cause." The state court fully reviewed on the record the school board's decision to discharge Gahr, and expressly held that the school board's action "was not arbitrary, capricious or discriminatory." Thus, the state court unquestionably addressed Gahr's due process contentions.[7]
 
 
 18
 Gahr argues, however, that the state court's affirmation of the school board decision still should not be given preclusive effect because the court limited its review to the record of the school board hearing. Despite Gahr's contrary contention, we are not completely convinced that the Teacher Fair Dismissal Act of 1979 prevented the circuit court from reviewing the school board decision de novo. Some Arkansas precedents indicate that the state court acts as a court of plenary review.[8] In any event, "[i]t is well established that judicial affirmance of an administrative determination is entitled to preclusive effect. * * * There is no requirement that judicial review must proceed de novo if it is to be preclusive." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480-81, n. 21, 102 S.Ct. 1883, 1896-97, n. 21, 72 L.Ed.2d 262 (1981) (italics omitted).[9]
 
 
 19
 We therefore conclude that the district court did not err in its determination that Arkansas would preclude Gahr from relitigating his due process claim in its courts. "After judgment on the merits, a party cannot afterwards litigate the same question in another action, although some argument might have been urged in the first trial that would have led to a different result." Mohawk Tire & Rubber Co. v. Brider, 536 S.W.2d at 128 (emphasis omitted) (quoting Hollis v. Piggot Junior Chamber of Commerce, 248 Ark. 725, 453 S.W.2d 410, 413 (1970)).
 
 2. The First Amendment Claim
 
 20
 Gahr also asserted in his federal court action that his discharge "was retaliatory" for his alleged accusations against McFatridge and the other school personnel. The district court assumed that this ambiguous allegation presented a first amendment claim and we shall also consider it as raising such considerations on this appeal.
 
 
 21
 The district court held that Gahr could have raised his first amendment action on his appeal to the state circuit court. It concluded that Arkansas law would therefore foreclose litigation of Gahr's section 1983 action under the doctrine of claim preclusion. See Bailey v. Harris Brake Fire Protection Dist., 287 Ark. 268, 697 S.W.2d 916, 917 (1985). Gahr contends that the district court erred in concluding that he could have raised his first amendment claim on appeal.
 
 
 22
 Notwithstanding Gahr's urgings and the district court's holding, we need not address the difficult issue of whether Gahr could have raised his first amendment claim for the first time during his appeal to the state court from the school board decision.[10] We conclude, after carefully reviewing the record, that the state court decided the essential elements of Gahr's first amendment claim when it concluded that the school board did not arbitrarily or capriciously discharge Gahr. Therefore, the Arkansas doctrine of issue preclusion, which precludes relitigation in a different cause of action of those issues directly and necessarily adjudicated in the previous litigation, forecloses Gahr's action for violation of his first amendment rights. See id.
 
 
 23
 As we noted earlier, Gahr's hearing before the school board concentrated on whether Gahr actually made the false accusations against the school personnel. Gahr asserted that his discharge would be arbitrary, capricious, and discriminatory because he had not made any scurrilous and untrue charges of theft. Gahr never contended, before the school board, the state court, the district court, or before this court, that the alleged accusations were grounded in fact.
 
 
 24
 In voting to terminate Gahr, the school board necessarily rejected Gahr's allegation that he never accused the school personnel of stealing. In making this determination, the school board rejected the factual underpinning of any first amendment claim that Gahr might assert. On appeal, the state circuit court affirmed the school board's conclusion that Gahr did make the false accusations when the court held that the school board's discharge of Gahr was not arbitrary, capricious, or discriminatory.
 
 
 25
 In his section 1983 action, Gahr attempts to relitigate the fact of whether he falsely accused McFatridge and others of stealing. These factual issues, however, are identical to those passed on by the state court. In effect, Gahr tries to "appeal" the adverse finding of the state court by bringing his action in federal court. The State of Arkansas would certainly preclude Gahr from succeeding in such an attempt in its courts.[11]
 
 
 26
 The district court did not err in dismissing Gahr's section 1983 action under the doctrine of res judicata, therefore, if Gahr received a full and fair opportunity to litigate his claims in his prior state proceedings. We will now examine whether Gahr received a full and fair opportunity to litigate his due process and first amendment claims in his school board hearing and his appeal to the state circuit court.
 
 B. Full and Fair Opportunity to Litigate
 
 27
 Before a person can be denied access to federal courts through the preclusive effect of a state court proceeding, it must be established that the person received a "full and fair opportunity" to litigate his or her claim in the state proceedings. Allen v. McCurry, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).[12] A party receives a fair opportunity to present the claims allegedly precluded if the party could have brought the claims in a proceeding that would satisfy the minimal procedural requirements of the due process clause. See Kremer v. Chemical Constr. Corp., 456 U.S. at 481, 102 S.Ct. at 1897.
 
 
 28
 The state proceedings in this case clearly met the requirements of the due process clause. Gahr had a "full opportunity to present [his contentions] on the record" before the school board. Id. at 483, 102 S.Ct. at 1898-99. He had representation of counsel at a hearing where he submitted documentary evidence, called witnesses, and cross-examined the witnesses for the Turrell schools. His attorney objected to evidence on the record, and took the opportunity to make a closing argument. Gahr, still represented by counsel, appealed the decision of the school board to the circuit court. Moreover, Gahr could have taken the case further in the state court system, appealing it to the Arkansas Court of Appeals, and then to the Supreme Court of Arkansas. His failure "to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy." Id. at 485, 102 S.Ct. at 1899. Gahr received a full and fair opportunity to litigate his claims as measured by due process. He is therefore barred from pursuing his section 1983 claims in federal court by the prior Arkansas proceedings.[13]
 
 III. CONCLUSION
 
 29
 We conclude that Arkansas law would preclude Gahr from litigating his constitutional claims in the courts of Arkansas. Because Gahr received a fair opportunity to present those claims in his state proceedings, 28 U.S.C. Sec. 1738 required that the district court bar Gahr from litigating those claims in federal court. We therefore affirm the district court's grant of the defendants' motion for summary judgment.
 
 
 
 [1]
 The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Although repealed in 1983, the provisions of the Teacher Fair Dismissal Act of 1979, Ark.Stat.Ann. Sec. 80-1264--Sec. 80-1264.10 (1980), govern this action. The new teacher dismissal provisions are codified at Ark.Stat.Ann. Sec. 80-1266--Sec. 80-1266.10 (Supp.1985)
 
 
 [3]
 In Thompkins v. Stuttgart School Dist. No. 22, 787 F.2d 439 (8th Cir.1986), this court held that the "exclusive remedy" provision of the Teacher Fair Dismissal Act of 1979 could not divest a federal district court of pendent jurisdiction to hear an appeal from a school board's decision to terminate
 
 
 [4]
 Neither the school board member allegedly accused of stealing by Gahr nor McFatridge sat on the board during its hearing or deliberations
 
 
 [5]
 Res judicata is often divided into two different concepts, claim preclusion and issue preclusion. Bailey v. Harris Brake Fire Protection Dist., 287 Ark. 268, 697 S.W.2d 916, 917 (1985). We will examine the concept of issue preclusion below in relation to Gahr's first amendment claim
 
 
 [6]
 There is no question but that Gahr could have bypassed his school board hearing and brought an original action in the state circuit court asserting both his claims under the Teacher Fair Dismissal Act and under the Constitution. See Chandler v. Perry-Casa Pub. Schools, Dist. No. 2, 286 Ark. 170, 690 S.W.2d 349 (1985); Morton v. Hampton School Dist. No. 1, 16 Ark.App. 264, 700 S.W.2d 373, 375 (1985). We also observe that this court recently held that, in appropriate circumstances, a terminated teacher could attach an appeal from the school board decision under the Teacher Fair Dismissal Act as a pendent state claim to an action under section 1983. Thompkins v. Stuttgart School Dist. No. 22, 787 F.2d 439 (8th Cir.1986)
 
 
 [7]
 We note that the state court also addressed any procedural defect that Gahr might raise, holding that "the Plaintiff, Kenneth Gahr, was given a fair hearing with respect to his termination."
 
 
 [8]
 The Arkansas Supreme Court has expressly reserved the issue of whether the circuit court exercises only the power to review the record, or whether a trial de novo can be held under the provisions of the Teacher Fair Dismissal Act of 1979. See Moffitt v. Batesville School Dist., 278 Ark. 77, 643 S.W.2d 557, 559 (1982). The Arkansas Supreme Court, however, by implication approved a de novo review by the circuit court in Lee v. Big Flat Pub. Schools, 280 Ark. 377, 658 S.W.2d 389 (1983). In Lee, the Arkansas Supreme Court noted that the circuit court took additional evidence on appeal from the decision of the school board. 658 S.W.2d at 390. Neither party apparently challenged this expansion of the record. The Arkansas Supreme Court concluded that the circuit court's decision was not clearly erroneous because, in part, "the issue of credibility rest[s] with that court, not with us." 658 S.W.2d at 391. See also Turney v. Alread Pub. Schools, 282 Ark. 84, 666 S.W.2d 687, 689 (1984) (clearly erroneous standard applies to review of the circuit court's decision because the circuit court is the "trier of facts")
 
 
 [9]
 In Kremer v. Chemical Constr. Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1981), a state administrative agency summarily dismissed Kremer's employment discrimination claims. An administrative appeals board found that the determination was "not arbitrary, capricious, or an abuse of discretion." Kremer appealed to a state court, which affirmed. The Supreme Court held that Kremer would be precluded from again litigating his discrimination claim in state courts, and, therefore, was barred from litigating the issue in federal court under Title VII
 Although, in this case, the circuit court reviewed the decision of the school board on only the record and pleadings from the school board, such review was upon the stipulation of the parties. Gahr's notice of appeal to the circuit court requested a trial by jury. The record does not reveal the events leading to the parties' stipulation to submit the case on the record. We have found nothing in the record to indicate that Gahr might not have received a plenary trial had he persisted in his request.
 
 
 [10]
 As we observed in the discussion of Gahr's due process claim, res judicata does not bar claims that could not be raised. A close question exists as to whether Gahr could have raised new constitutional claims on his appeal to the state court from the school board decision. The Arkansas Supreme Court has not spoken authoritatively on this issue, although some cases suggest that nonprobationary teachers--ones employed by the school district for less than three years--can assert constitutional challenges on the appeal. See Nordin v. Hartman Pub. Schools, 274 Ark. 402, 625 S.W.2d 483 (1981); see also Head v. Caddo Hills School Dist., 277 Ark. 482, 644 S.W.2d 246 (1982)
 As the district court observed, nonprobationary teachers such as Gahr are given substantially greater protection under Arkansas law than are probationary teachers. Compare Chapman v. Hamburg Schools, 274 Ark. 391, 625 S.W.2d 477, 480-81 (1981) with Nordin v. Hartman Pub. Schools, 274 Ark. 402, 625 S.W.2d 483 (1981). The district court concluded that, if a nonprobationary teacher can appeal on constitutional grounds, a nonprobationary teacher such as Gahr also must have the right to assert constitutional challenges on appeal to the circuit court.
 In addition, we note that teachers apparently have in fact asserted constitutional violations on appeal from an adverse school board decision. See Chapman v. Hamburg Pub. Schools, 274 Ark. 391, 625 S.W.2d 477 (1981); Gatewood v. Little Rock Pub. Schools, 2 Ark.App. 102, 616 S.W.2d 784 (1981).
 
 
 [11]
 Gahr once again asserts that the state court judgment cannot be given preclusive effect because the circuit court did not exercise a de novo standard of review over the school board decision. We reject this argument for the same reasons that we rejected it in relation to his due process claim. See supra note 7 and accompanying text
 Because we hold that the facts as found by the state court judgment are entitled to preclusive effect under Arkansas law, we need not consider whether the school board decision, standing alone, would bar Gahr's first amendment claim. See University of Tennessee v. Elliott, --- U.S. ----, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).
 
 
 [12]
 Arkansas courts apply an apparently identical test to that required by Allen, also declining to preclude a claim unless the party received a full and fair opportunity to litigate the claims in the prior action. Bailey v. Harris Brake Fire Protection Dist., 287 Ark. 268, 697 S.W.2d 916, 917 (1985)
 
 
 [13]
 For a similar case arising in the Eleventh Circuit, see Sharpley v. Davis, 786 F.2d 1109 (11th Cir.1986); see also Gorin v. Osborne, 756 F.2d 834 (11th Cir.1985); Jones v. City of Alton, Ill., 757 F.2d 878 (7th Cir.1985); Carpenter v. Reed, 757 F.2d 218 (10th Cir.1985)