**Freddie BUTLER, Appellant,**

v.

**The CITY OF NORTH LITTLE ROCK, ARKANSAS, a municipal corporation; Terry Hartwick, Mayor of North Little Rock; Dale Bruce, North Little Rock Chief of Police; Eddie Hightower, Captain, North Little Rock Police Department; Eugene Harris, Lieutenant, North Little Rock Police Department; North Little Rock Civil Service Commission, Appellees.**

No. 92–1347.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided Nov. 20, 1992.

B. Dewey Fitzhugh, Little Rock, Ark., argued (Bennie O'Neil, North Little Rock, Ark., on the brief), for appellant.

James M. McHaney, Jr., North Little Rock, Ark., argued (David M. Fuqua, on the brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Freddie Butler appeals the district court's[1] grant of appellees' motion for summary judgment and its denial of leave to amend his complaint. Butler was terminated from his job as a police officer. His termination was upheld by an administrative panel and by a state circuit court judgment, despite Butler's claims of race discrimination. Butler filed this suit under 42 U.S.C. § 1983, alleging that he was terminated because of racial discrimination. Butler later amended his complaint to include claims under Title VII, 42 U.S.C. §§ 2000e to 2000e–17, and 42 U.S.C. § 1981. The district court granted summary judgment, holding that the preclusive effect of the previous state court judgment barred relitigation. The district court also denied Butler leave to amend his complaint to include a conspiracy charge under 42 U.S.C. § 1985(3). On appeal, Butler argues that the state proceeding does not preclude his federal action because he was not afforded a full and fair opportunity to litigate in the state court. He also argues that the district court abused its discretion by refusing to allow him to amend his complaint. We affirm.

I.

Freddie Butler, a black male, worked for the City of North Little Rock, Arkansas, as a police officer. On August 9, 1988, the City fired Butler for violating the police department's rules. Butler appealed his termination to the North Little Rock Civil Service Commission (the Commission). The Commission held a two-day hearing and upheld the termination decision on September 1, 1988. Butler sought review of the

---

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

Commission's decision in the Circuit Court of Pulaski County. In his petition for review, filed September 22, 1988, Butler claimed his termination violated Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. On November 18, 1988, Butler filed this action in the United States District Court for the Eastern District of Arkansas in which he alleges the same causes of action.

The Circuit Court of Pulaski County held hearings on January 17 and February 3, 1989. Upon agreement by counsel, the case was submitted to the circuit court on the record compiled before the Commission. On April 7, 1989, the circuit court entered an order upholding Butler's termination.

On November 9, 1989, the defendants filed a motion to dismiss all of the charges in the federal action on the theory of res judicata and preclusion under 28 U.S.C. § 1738. Because additional documents were submitted along with the motion to dismiss, the district court treated it as a motion for summary judgment. On January 19, 1990, the district court entered an order granting defendants summary judgment on preclusion grounds.

Butler later sought leave of the district court to amend his complaint to include a conspiracy charge under 42 U.S.C. § 1985(3). The district court denied this request.

## II.

### A. Preclusion

This court reviews the district court's grant of summary judgment de novo. *Amerinet, Inc. v. Xerox Corp.,* 972 F.2d 1483, 1489 (8th Cir.1992). This court must draw all reasonable factual inferences in favor of the non-moving party. *Hyman Freightways v. Carolina Freight Carriers,* 942 F.2d 500, 502 (8th Cir.1992). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir.1992); Fed.R.Civ.P. 56(c).

■ Federal courts must give "full faith and credit" to judicial proceedings in state courts. 28 U.S.C. § 1738. In construing the requirements of § 1738, the United States Supreme Court has held that federal courts must give state court judgments the same preclusive effect they would be given by other courts in the state from which the judgment emerged. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). The federal courts, therefore, must examine state law to determine whether preclusion applies. *Id.* at 467, 102 S.Ct. at 1890; *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Section 1738, which embraces the traditional general principle of res judicata, helps to minimize the costs and vexation of multiple litigation, conserve judicial resources, and encourage reliance on adjudication by preventing inconsistent decisions. *Id.* at 94, 101 S.Ct. at 415. The Supreme Court has given preclusive effect to state court judgments in Title VII cases, *Kremer,* 456 U.S. at 485, 102 S.Ct. at 1899, and in cases involving 42 U.S.C. § 1983, *Allen,* 449 U.S. at 103–04, 101 S.Ct. at 419–20.

■ For a state decision to have preclusive effect, however, the party against whom the earlier decision was rendered must have been afforded a "full and fair opportunity" to litigate the claim or issue in the earlier case. *Kremer,* 456 U.S. at 480–81, 102 S.Ct. at 1896–97; *Allen,* 449 U.S. at 95, 101 S.Ct. at 415. "Full and fair opportunity" in this context means that the state proceeding must follow the requirements of the Due Process Clause of the Fourteenth Amendment. *Kremer,* 456 U.S. at 482, 102 S.Ct. at 1898. If a party has been denied a "full and fair opportunity" to litigate his or her claims, then federal courts must not grant preclusive effect to such a constitutionally infirm decision. *Id.*

■ Consequently, our inquiry is twofold. First, we must determine whether the Arkansas judgment would bar Butler from litigating his claims in the Arkansas state courts. Second, if preclusion applies, we must then determine whether Butler had a "full and fair opportunity" to litigate his case in the state court proceeding. *See*

*Gahr v. Trammel,* 796 F.2d 1063, 1066 (8th Cir.1986).

Arkansas state courts recognize two types of preclusion: claim preclusion and issue preclusion. Claim preclusion, which is also known by the specific term res judicata, bars relitigation of a subsequent suit when "(1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies." *American Standard, Inc. v. Miller Eng'g, Inc.,* 299 Ark. 347, 772 S.W.2d 344, 346 (1989); *Bailey v. Harris Brake Fire Protection Dist.,* 287 Ark. 268, 697 S.W.2d 916, 917 (1985); *see also Toran v. Provident Life & Accident Ins. Co.,* 297 Ark. 415, 764 S.W.2d 40, 42 (1989). Issue preclusion, also known as collateral estoppel, bars the relitigation of those matters directly and necessarily litigated in the previous action. *Bailey,* 697 S.W.2d at 917; *Smith v. Roane,* 284 Ark. 568, 683 S.W.2d 935, 936 (1985); *see also Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983).

We agree with the district court that Butler's claims would be precluded in the Arkansas courts by the judgment of the Circuit Court of Pulaski County. Res judicata bars Butler's federal case. The state court suit addressed the merits of Butler's claims, and was based upon proper jurisdiction. The state court judgment was contested in good faith, and Butler raises the identical claims in this federal action. Finally, we agree with the district court that the parties in the state and federal action are similar enough to satisfy the Arkansas state law requirements.[2] Butler's action would be precluded in other Arkansas state proceedings. Therefore, it is precluded from being relitigated in the federal courts as well.

Butler contends, however, that preclusion should not apply because he was not afforded a "full and fair opportunity" to litigate. We must determine whether the Arkansas court afforded Butler due process in this case, i.e., whether Butler was denied procedural, substantive, or evidentiary opportunities to be heard on his claim that his discharge was racially motivated. *Yancy v. McDevitt,* 802 F.2d 1025, 1030 (8th Cir.1986); *Anthan v. Professional Air Traffic Controllers Org.,* 672 F.2d 706, 710 (8th Cir.1982).

We believe that the requirements of due process were met. Arkansas statutes provide that Butler was entitled to written notice of the charges against him and to a "trial" before the Commission. Ark.Code Ann. § 14-51-308(a), (b) (Michie 1991). At his Commission "trial," Butler was represented by counsel and had the opportunity to present evidence and cross-examine witnesses. Butler appealed the Commission's adverse decision to the Circuit Court of Pulaski County. In his petition for review, Butler specifically raised his race discrimination charge. At the circuit court level, "[t]he court shall review the commission's decision on the record and may, in addition, hear testimony or allow the introduction of any further evidence upon the request of either the city or the employee." Ark.Code Ann. § 14-51-308(e)(1)(C) (Michie 1991); *see also Campbell v. City of Hot Springs,* 232 Ark. 878, 341 S.W.2d 225, 227 (1960) (review by circuit court is de novo and any additional competent evidence may be introduced). Butler agreed to submit the case to the circuit court with no additional evidence or testimony. The state circuit court conducted a de novo review of the Commission's findings and entered a final

---

2. In the state court action, the named defendants were the Commission and Chief of Police Dale Bruce. These same defendants are named in the federal action along with the City of North Little Rock, the Mayor, and two individual police officers. However, Arkansas law does not demand that the parties be exactly the same as long as there is substantial identity of the parties and the other reasons supporting preclusion are present. *Wells v. Arkansas Pub. Serv. Comm'n,* 272 Ark. 481, 616 S.W.2d 718, 719 (1981); *Rose v. Jacobs,* 231 Ark. 286, 329 S.W.2d 170, 172 (1959). Furthermore, Butler's claims were directly and necessarily litigated in the state court. Accordingly, even if res judicata does not apply in this case, collateral estoppel still precludes the federal action.

judgment that Butler's race discrimination claims were without merit. Furthermore, Butler had the right to appeal the circuit court's adverse final decision to the Supreme Court of the State of Arkansas. He did not do so. Ark.Code Ann. § 14–51–308(e)(2)(A) (Michie 1991). We find that Arkansas afforded Butler ample process.

Butler contends that he was denied the opportunity to develop his claim of racial discrimination at the Commission hearing. Butler argues that the Commission refused to hear evidence in two critical areas: (1) the alleged bias of Lieutenant Harris, the Internal Affairs officer who investigated the complaints against Butler which led to Butler's termination, and (2) the alleged lesser punishments given to white officers versus black officers who were accused of similar or more minor rules violations.

At the Commission hearing, Butler's attorney did ask Harris directly about his alleged bias. Butler also introduced a letter Harris wrote to Butler which Butler argued demonstrated Harris' bias. This issue was presented to the Commission. It is true, however, that the Commission determined that it was not the proper forum to hear Butler's charges of disparate treatment because of race. The Commission concentrated on the propriety of Butler's termination without regard to other cases of termination or suspension. Butler's attorney did proffer evidence of alleged rules violations by white officers which did not result in terminations. The Commission, however, refused to consider this evidence. In the record of the Commission's proceedings, Butler's attorney specifically noted the Commission's decision not to hear this evidence, and he also briefly described what he claimed this evidence would show.

Butler did, however, have an additional opportunity, in appealing the Commission's decision, to present his race discrimination claim. Ark.Code Ann. § 14–51–308(e)(1)(C) (Michie 1991); *see also White v. Elrod*, 816 F.2d 1172, 1175 (7th Cir.) (remedy for administrative panel's failure to hear constitutional claims was appeal to state court), *cert. denied*, 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987). At the circuit court

hearings, Butler reasserted his allegation that Harris was biased against him. Butler desired to introduce new evidence to the circuit court to support this claim. Butler wanted to take additional testimony to establish that Harris had been removed as the investigator in a case involving a white officer's alleged rules violations. According to Butler's theory, this testimony would reveal Harris' bias and also show how Butler was being discriminated against. The circuit judge stated that he was disinclined to admit this evidence because it happened after Butler's incident, and because the white officer had requested that Harris not be the investigator prior to the start of the investigation, whereas, Butler had not made such a request.

After learning that the judge would not consider this particular evidence, Butler then submitted *no* further evidence. He did not raise the issue of the excluded evidence of alleged disparate treatment before the state court. He could have attempted to readmit this evidence by arguing that the Commission had wrongly excluded it. Butler did not do that. Butler, instead, waived oral argument and submitted the case to the circuit court based solely on the record developed at the Commission hearing.

Butler made a tactical decision at the circuit court level not to avail himself of his state law right to submit further evidence. Butler had the opportunity to introduce additional witnesses and develop his case, but he did not do so. Butler obviously believes that he was prejudiced because the circuit judge refused to hear the new evidence of Harris' alleged bias. He also believes that his disparate treatment evidence was wrongly excluded by the Commission and this exclusion was wrongly affirmed by the circuit court. Butler, however, had the statutory right to appeal the circuit court's adverse evidentiary and final decisions to the Supreme Court of Arkansas. Butler did not avail himself of this right either. Because he was proceeding in state court, and because this court must give preclusive effect to final state court decisions, Butler's right to appeal to the Supreme Court of Arkansas became his duty

to appeal at the risk of being precluded in federal court.

Adequate procedures were in place to afford Butler an adequate chance to develop his race discrimination case at the state level if he chose to pursue it in the state courts. He did choose to pursue it in state courts. Butler's failure to avail himself of the full procedures available to him under state law does not demonstrate the procedures' inadequacies. *Kremer,* 456 U.S. at 485, 102 S.Ct. at 1899. Nor does his failure to avail himself of the procedures equate to a denial of a "full and fair opportunity" to litigate.

Our decision is amply supported by case law from this circuit. In *Brown v. St. Louis Police Dep't,* 691 F.2d 393 (8th Cir. 1982), *cert. denied,* 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983), this court held that a discharged police officer who failed to develop his race discrimination claim in state court was precluded under 28 U.S.C. § 1738 from relitigating the same claims in a federal action. An even more factually similar case is *Swapshire v. Baer,* 865 F.2d 948 (8th Cir.1989). In *Swapshire,* a black police officer was terminated. An administrative body upheld the termination and the plaintiff appealed the adverse decision to a state circuit court. In his petition for review before the circuit court, the plaintiff alleged that his termination was a result of racial discrimination. While a decision from the state circuit court was pending, the plaintiff filed an action alleging racial discrimination in federal district court. The state circuit court upheld the termination, the federal district court granted summary judgment to the defendants due to preclusion, and this court affirmed. In the opinion, the panel noted the *Brown* decision and stated: "This court has previously admonished discharged police officers that they must litigate their § 1981 and § 1983 challenges to their dismissals in state court if they appeal their dismissals in state court, at peril of § 1738 preclusion." *Swapshire,* 865 F.2d at 952 n. 8. Similarly, this court has held that the failure to appeal an adverse state court decision will lead to federal preclusion on the same claims. *Gahr v. Trammel,* 796 F.2d 1063, 1070 (8th Cir.1986).

## B. Denial of Leave to Amend Complaint

We may reverse a trial court's denial of a motion for leave to amend a complaint only for abuse of discretion. *Vitale v. Aetna Casualty & Sur. Co.,* 814 F.2d 1242, 1252 (8th Cir.1987); *see also Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Corp.,* 542 F.2d 1010, 1012 (8th Cir.1976).

Butler sought to amend his complaint under 42 U.S.C. § 1985(3); to allege that a conspiracy existed to deprive him of his civil rights. The alleged conspiracy involved persons who were already defendants in the existing case. The conspiracy theory offers very little in terms of new substantive accusations against these defendants. Furthermore, the motion to amend the complaint was filed six months after summary judgment was granted in favor of the defendants. We hold that there was no abuse of discretion in the district court's denial of leave to amend.

### III.

For the foregoing reasons, we affirm the judgments of the district court granting summary judgment and denying the motion for leave to amend the complaint.