# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2112

———————

| | | |
|---|---|---|
| James E. Horvath, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Don Bourne, individually; Judy Duvall, | * | District Court for the |
| individually; Mary Bradley, | * | Eastern District of Arkansas. |
| individually; Tish Rehm, individually; | * | |
| Ashlea Kilburn, individually; William | * | [UNPUBLISHED] |
| F. Smith, III, individually; Mavis Neal, | * | |
| individually, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: September 7, 2005
Filed: November 7, 2005

———————

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

James E. Horvath appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action. After de novo review, see Charchenko v. City of Stillwater, 47 F.3d 981, 982-

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

83 (8th Cir. 1995), we affirm because Horvath's claims were barred either by the <u>Rooker-Feldman</u>[2] doctrine, <u>see</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 125 S. Ct. 1517, 1523, 1526 & n.8 (2005) (<u>Rooker-Feldman</u> doctrine recognizes that with the exception of habeas corpus petitions, 28 U.S.C. § 1331 does not allow district courts appellate jurisdiction over state-court judgments), or by res judicata, <u>see</u> <u>id.</u> at 1527 (federal court has to give same preclusive effect to a state-court judgment as another court of that State would give); <u>Wells v. Ark. Pub. Serv. Comm'n</u>, 616 S.W.2d 718, 719 (Ark. 1981) (elements of res judicata). <u>See</u> 8th Cir. R. 47B.

_____

---

[2]<u>See</u> <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923); <u>D. C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).