## Mary GATEWOOD v. LITTLE ROCK PUBLIC SCHOOLS

CA 80-506                                                  616 S.W. 2d 784

Court of Appeals of Arkansas
Opinion delivered June 10, 1981

Appellant, *pro se*.

*G. Ross Smith*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Mary Gatewood, appeals from an order of the Circuit Court of Pulaski County upholding the action of the Little Rock School Board in terminating her employment as a teacher for unprofessional conduct which adversely reflected on the integrity of the district and its instructional staff. Although represented by counsel both before the Board and in the Circuit Court, she appears here pro se.

For reversal she urges that her termination was discriminatory, that it was based upon violation of a policy of which she had no knowledge and hence she was denied due process of law; that it was in retaliation for a grievance filed by her against her principal; and that the Board considered instances of her conduct not related to her classroom performance.

The appellee responds to each of these points urged as error, and in addition contends that the court should dismiss the appeal for appellant's failure to abstract the record in accordance with Rule 9 of the Supreme Court and Court of Appeals.

We find the appellant to be in flagrant violation of our Rule 9 and that her appeal should be dismissed. Our courts

have held that this rule applies to persons who elect to appear before this court pro se on appeals from the circuit court. *Weston* v. *State*, 265 Ark. 58, 576 S.W. 2d 705. In her initial brief appellant gave us no concise statement of the case as required by our Rule 9(b) and abstracted none of the pleadings, orders, testimony or exhibits referred to in her brief as required by our Rule 9(d). When this deficiency was brought to her attention by appellee's brief, she filed what we treated as a motion to grant additional time in which to cure the defect by reply brief. In that motion she indicated that she had consulted counsel and had been advised of the requirements of the rule and consequences of failure to comply. We granted her a thirty day extension of time in which to bring herself into compliance. The reply brief, while supplying what we consider to be an adequate statement of the case, contains no abstract of the pertinent parts of the record. Our Rule 9(d) provides that when the court finds the abstract to be flagrantly deficient, the judgment will be affirmed for noncompliance with that rule. We find under the circumstances that this violation is of that nature. In *Weston* v. *State*, supra, the court stated:

> Rule 9 does not exist as a snare for unwitting litigants or for those who appear before the Court, pro se. In fact, we are inclined to be more lenient in invoking Rule 9 in the cases of persons appearing pro se than in other cases. But the jurisdiction of this Court is limited to appellate jurisdiction only. Arkansas Constitution, Article 7, Section 4; Ark. Stat. Ann. § 27-2101. We do not try anew all litigation or come to the assistance of appellants, pro se or otherwise, by combing the record and re-writing their pleadings for them and re-shaping their prayers into some form of relief which this Court may grant. We look only to see if the record shows that the trial court committed an error prejudicial to the appealing party. To aid in a speedy determination of appeals we, along with most other appellate courts, have promulgated Rule 9(d) placing upon appellants the burden of furnishing an abstract of the record consisting of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents and other

matters in the record as are necessary to an understanding of all questions presented to this Court for decision.

Notwithstanding our ruling with regard to Rule 9(d), we have carefully examined appellant's arguments and the record presented to us and find no error in the action of the Board or the Circuit Court in affirming that action.

Ark. Stat. Ann. § 80-1264.3 (Supp. 1980) provides:

Any certified teacher may be terminated for any cause which is not arbitrary, capricious or discriminatory, or for violating the reasonable rules and regulations promulgated by the school board.

The record reflects that she was terminated by the suprintendent for unprofessional conduct adversely reflecting on the integrity of the school district and its staff. That unprofessional conduct was founded upon testimony, and her own admission that she had offered her students higher grades in exchange for their purchase from her of raffle tickets.

The record reflects that the school district had a written policy that prohibited employees of the school district from using their positions to solicit children or parents in projects which involve the expenditure of money for goods and services and the like. Although she denied knowledge of this rule, there was evidence that she was furnished a copy of it. Whether or not she was aware of it, dismissal for making that offer of higher grades in exchange for purchases of raffle tickets would not be arbitrary, capricious or discriminatory. Absent the regulation this conduct would be just cause for dismissal of a teacher.

While it was shown that appellant issued a correction statement to her students after the investigation was started and no tickets were sold to her students, it is clear that this improper offer was the basis for her termination, that all of the notices required under the so-called Teachers Fair Dismissal Act of 1979 were complied with, and that she was

afforded procedural due process of law. She was represented by able counsel both before the Board and in the Circuit Court. We are convinced from the record, as found by the trial court, that she was discharged for her conduct with regard to raffle tickets and that her other arguments in support of reversal of that determination are without merit.

We affirm.