John RAPLEY *v.* LINDSEY CONSTRUCTION COMPANY, TRI-STATE INSURANCE COMPANY, PLANT SERVICES and GENERAL INSURANCE COMPANY

CA 81-405                                                      631 S.W.2d 844

Court of Appeals of Arkansas
Opinion delivered April 28, 1982

Appellant, *pro se.*

*Laser, Sharp & Huckabay, P.A.,* for appellees, Lindsey Construction Co. and Tri-State Ins. Co.

*Matthews & Sanders,* by: *Gail O. Matthews,* for appellees, Plant Services and General Ins. Co.

GEORGE K. CRACRAFT, Judge. Appellant, John Rapley, appeals from a decision of the Workers' Compensation Commission which denied his claim of total and permanent disability resulting from injuries received while in the employ or either or both appellees, Lindsey Construction Company and Plant Services, and entered an award for permanent partial disability to his body as a whole against appellee Plant Services.

Although represented by counsel throughout the pro-

ceedings, before the Commission, appellant presents this appeal pro se. His brief fails to contain a statement of the case sufficient to enable the court to understand the nature of the case or the action taken by the Commission as required by Rule 9 (b), Rules of the Supreme Court and the Court of Appeals. It contains no recital of points relied upon for reversal as required by Rule 9 (c). His abstract of the proceedings omits all orders of the Commission, all medical testimony and exhibits and contains only portions of his own testimony in violation of Rule 9 (d). Appellees, while calling our attention to these deficiencies, have submitted no supplemental abstract other than the decisions of the Administrative Law Judge and the Full Commission. These deficiencies are flagrant and require an unjust and unreasonable delay in the disposition of the case and we therefore affirm the decision of the Workers' Compensation Commission in accordance with Rule 9 (e). *Gatewood* v. *Little Rock Public Schools*, 2 Ark. App. 102, 616 S.W. 2d 784 (1981); *Weston* v. *State*, 265 Ark. 58, 576 S.W. 2d 705 (1979).

Although we affirm due to failure to comply with Rule 9, we have reviewed the record even though not required to do so, at the expense of valuable appellate time which Rule 9 was intended to prevent. We conclude that appellant's argument on appeal would be rejected even if considered on the merits. On review of such cases we do not reverse the decision of the Commission if its determinations are supported by substantial evidence. *Bankston* v. *Prime West Corp.*, 271 Ark. 727, 601 S.W. 2d 586 (Ark. App. 1981). Our review discloses that the findings of the Commission are amply supported by the evidence.

Appellant initiated these proceedings against both appellees, contending that he was first injured on June 2, 1977 while in the employ of Lindsey Construction Company, and received a subsequent injury on August 1, 1978 while employed by Plant Services. He urged that these injuries were connected and that permanent total disability should be awarded against one or both appellees. The Administrative Law Judge found that appellant had sustained permanent partial disability to the body as a whole only to the extent of 35% and that there was no connection

between the two injuries. He dismissed the claim against Lindsey and entered the award only against Plant Services. The Full Commission affirmed and adopted the decision of the Administrative Law Judge in its entirety.

There was no evidence connecting the first injury with the second and none on which a finding against Lindsey Construction Company could have been warranted. The Commission's finding of 35% permanent partial disability is more than amply supported by the record. The Commission properly considered, along with medical evidence, evidence of age, education, experience and other matters affecting wage loss, in its determination of whether claimant was capable of performing work for which he was qualified. *Glass* v. *Edens,* 233 Ark. 786, 346 S.W. 2d 685 (1961). The medical evidence indicated that appellant has sustained anatomical disability of 15% to the body as a whole and that he should no longer do work requiring heavy lifting as in his previous jobs. In support of his claim of total disability appellant and his wife testified that he was thirty-three years old, had attended college for three years and held an Associate Arts degree in welding. Appellant testified that while he could not follow his former occupation as a welder, he had made no real effort either to seek employment in fields for which his education and experience might qualify him or otherwise determine whether he was able to perform the duties of such other pursuits. The Commission found that these factors effectively blocked a full assessment of all factors in determining ultimate disability. The finding of the Commission that appellant was not totally and permanently disabled is fully supported by the record. *Smelser* v. *S. H. & J. Drilling Corp.,* 267 Ark. 996, 593 S.W.2d 61 (1980).

We affirm.

GLAZE, J., not participating.