## WHIRLPOOL CORPORATION and CIGNA COMPANIES *v.* James E. KAELIN

CA 86-138                                         720 S.W.2d 722

Court of Appeals of Arkansas
Division I
Opinion delivered December 17, 1986

*Jones, Gilbreath, Jackson & Moll*, for appellant.

*James F. Swindoll, P.A.*, for appellee.

LAWSON CLONINGER, Judge. This is an appeal of a decision by the Workers' Compensation Commission. A hearing was held on September 16, 1985, to determine the compensability of the

injuries of appellee, James E. Kaelin. Appellants, Whirlpool Corporation and Cigna Companies, failed to appear at the hearing and the only testimony was that given by appellee. Whirlpool is self-insured and has a service contract with Cigna Companies to adjust its claims. The administrative law judge found that appellee's injuries were compensable. Appellants appealed to the full Commission alleging that appellant, Whirlpool, did not have adequate notice of the hearing and it requested the Commission to remand the case for additional evidence. The Commission, denying appellant's request, found that Cigna was an agent of Whirlpool and that Cigna had received adequate notice. For their appeal, appellants argue that Whirlpool was entitled to receive notice and that the Commission erred in denying the request that the case be remanded for the taking of additional evidence. We agree with appellants' arguments and reverse and remand.

Appellee filed a workers' compensation claim on June 6, 1985, alleging that he had been injured in the course of his employment on September 14, 1983. The injury occurred at Whirlpool's factory in Fort Smith, Arkansas. Subsequently, appellee moved to Little Rock, Arkansas, and requested that the hearing be held in Little Rock. The Commission did not direct that the hearing be held in Little Rock, but by administrative error the case was assigned to an administrative law judge in Little Rock.

On August 19, 1985, the notice of the hearing place and time was sent to appellee and Cigna. However, Cigna had closed its Little Rock Workers' Compensation division and transferred all of the files to Dallas, Texas. The return receipt had been signed by an employee of Cigna, but it is not known what happened to the notice after that. A copy of the notice was not sent to Whirlpool.

At the September 16, 1985, hearing, appellee's injuries were found to be compensable. In October, 1985, Whirlpool filed a motion requesting that the Commission reopen the case and allow Whirlpool to present evidence that appellee had actually been injured when he fell from the roof of his home and not while on the job. The Commission denied the motion.

Appellant first argues that Ark. Stat. Ann. § 81-1323(b) (Repl. 1976), requires a finding that the employer is an interested

party and that notice should have been served on the employer Whirlpool. That statute provides in pertinent part:

> If a hearing on such a claim is ordered, the Commission shall give the claimant and other interested parties ten (10) days' notice of such hearing served personally upon the claimant and other interested parties, or by registered mail. The hearing shall be held in the county where the accident occurred, if the same occurred in this state, unless otherwise agreed to between the parties, or otherwise directed by the Commission.

■ We do not agree with Whirlpool's assertion that the statute requires notice to be served on the employer in all cases. However, in this case, we do find that notice was insufficient because the evidence will not support a finding that Cigna was an agent designated to receive notice and because the venue of the hearing was changed by error, not agreement.

■■ The appellate court views the evidence in the light most favorable to the Commission's decision and affirms if it is supported by substantial evidence. *Franklin* v. *Arkansas Kraft, Inc.*, 12 Ark. App. 66, 670 S.W.2d 815 (1984). In order to reverse a finding by the Commission, the appellate court must be convinced that fair minded persons, with the same facts before them, could not have arrived at the conclusion reached by the Commission. *Franklin, supra.*

In this case, the only evidence of an agency relationship is found in the Commission's order. The Commission makes a statement that in oral arguments Cigna admitted to being an agent; however, that argument is not part of the record. Although there are some allusions to Cigna being a service company for Whirlpool, there is no evidence as to what Cigna's duties were, whether they were in fact under contract to service claims on the date notice was served to Cigna and whether, as part of Cigna's duties to Whirlpool, it was authorized to receive notice of hearings. When we consider this lack of evidence with the facts that the venue was changed by accident and that Cigna had moved its Workers' Compensation division to Dallas, we do not think that fair minded persons could reach the Commission's conclusion that Cigna was Whirlpool's agent. *See Dura Craft*

*Boats, Inc.* v. *Daugherty*, 247 Ark. 125, 444 S.W.2d 562 (1969).

Appellants argue next that the Commission erred when it refused to remand the case for the hearing of additional evidence. We agree that the Commission abused its discretion.

■■ On appeal an exercise of the Commission's discretion in determining whether and under what circumstances a decision appealed to them should be remanded for taking additional evidence will not be lightly disturbed. *Haygood* v. *Belcher*, 5 Ark. App. 127, 633 S.W.2d 391 (1982). Where the new evidence is relevant, is not cumulative, would justify a different result, and the movant was diligent, the Commission's discretion should be exercised and the motion to present new evidence should be granted. *Mason* v. *Lauck*, 232 Ark. 891, 340 S.W.2d 575 (1960); *Hill* v. *White-Rodgers*, 10 Ark. App. 402, 665 S.W.2d 292 (1984).

Applying these standards to the case before us, we find that appellants should be permitted to present their evidence that appellee's injuries were caused when he fell from the roof of his home. The additional evidence is relevant to the cause of appellee's injuries; there is very little evidence of this fall in the record and therefore it is not cumulative; it could possibly change the determination of compensability, and the appellants were diligent in presenting their motion to add the new evidence.

In light of all the errors made in this case, we are persuaded that the interests of justice will be best served when all relevant evidence is presented to the finder of fact. *See* Ark. Stat. Ann. § 81-1327(a) (Supp. 1985).

This case is reversed and remanded with directions to grant appellants' motion.

COOPER, J., agrees.

GLAZE, J., concurs.

GLAZE, J., concurring. I concur but would reverse simply on the basis that Ark. Stat. Ann. § 81-1323(b) (Repl. 1976) mandates that appellant, Whirlpool Corporation, was entitled to notice of the September 19, 1985, hearing on appellee's claim, and it received none.