Vickie SCARBROUGH v. CHEROKEE ENTERPRISES
and Royal Insurance Company

CA 90-268                                    803 S.W.2d 561

Court of Appeals of Arkansas
Division II
Opinion delivered February 13, 1991
[Rehearing denied March 20, 1991.]

*Anthony W. Bartels*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, by: *Paul D. Waddell*, for appellee.

JOHN E. JENNINGS, Judge. On October 27, 1984, Vickie Scarbrough was employed as a housekeeper with the appellee, Cherokee Enterprises. While carrying a vacuum cleaner down a stairway, she lost her balance and began to fall. She apparently

avoided a fall but, in the process, "twisted her back." She had suffered a previous back injury while working as a housekeeper for Best Western Motel.

The claimant was treated by Dr. Ungerank who treated her for several weeks and released her from his care as asymptomatic, to return to her normal work on November 30, 1984. It was Dr. Ungerank's opinion that the claimant was without permanent injury.

A workers' compensation claim was filed and on June 10, 1985, the administrative law judge held that the claimant suffered a compensable injury, that she was entitled to payment for four weeks temporary total disability and that she sustained no permanent injury. No appeal was taken from this decision.

On September 11, 1989, a second hearing was held before the ALJ on the claimant's contention that she was permanently and totally disabled from the October 27, 1984 injury. The administrative law judge held that she had no permanent disability as a result of her injury and the full Commission affirmed and adopted the law judge's opinion.

On appeal to this court the claimant contends that the Commission erred in finding that she was without permanent disability and urges us to change our present standard of review in workers' compensation cases. We find no error on the first point and, for reasons which follow, decline to change our standard of review.

During the 1989 hearing the claimant testified that she had filed for social security disability and had been found to be not disabled. She said that she had not attempted to get a job since the October 1984 incident because she knew she could not work. Carla Jean Scarbrough, her sister, testified that the claimant did not see a doctor for her back for a period of two years, because she couldn't pay for treatment. Dr. S.M. Young stated in a letter dated March 13, 1985, that the claimant should have no permanent disability. In a report dated September 1986, Dr. Raymond Lopez diagnosed her as having degenerative disc disease with a chronic back strain. In November of 1986, Dr. Robert Atkinson suspected fibromyalgia. By 1987, Dr. Ungerank thought that her injuries would "probably keep her from ever being able to hold

down a full time job." An October 1987 report from the George W. Jackson Community Mental Health Center diagnosed the claimant as suffering from major depression. In November of 1987, Dr. John Ashley diagnosed her as having disc disease, fibromyositus and major depression. It was his opinion that the claimant was totally disabled at the time he saw her.

In December 1987, Dr. Larry Mahon, an orthopedic surgeon reported:

> After review of this patient's history as given by her and also that determined from review of the medical reports provided me, it appears that she did have difficulty prior to the alleged injury of October 1984. At the present she does appear to have degenerative disc disease of the lumbar spine with chronic lumbosacral strain and possibly myositis. No neurological abnormality of any acute or chronic nerve root impingement was demonstrated at the time of my examination. Although I feel there was considerable element of symptom magnification present at the time of my examination, it is conceivable that she did sustain an aggravational component of her pre-existing condition as a result of the October 27, 1984 injury. However, although her complaints are bothersome and a nuisance to her, I feel this aggravational component represents no additional permanent partial impairment to the body as a whole.

The claimant asks us to adopt the approach adopted by the Eighth Circuit Court of Appeals, citing *Thomas v. Sullivan*, 876 F.2d 666 (8th Cir. 1989) and *Gavin v. Heckler*, 811 F.2d 1195 (8th Cir. 1987). In *Gavin*, the court said:

> There is a notable difference between "substantial evidence" and "substantial evidence on the record as a whole." "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court must also take into consideration the weight of the evidence in the record and apply a balancing

test to evidence which is contradictory. It follows that the only way a reviewing court can determine if the entire record was taken into consideration is for the district court to evaluate in detail the evidence it used in making its decision and how any contradictory evidence balances out.

811 F.2d at 1199 (citations omitted).

■ The claimant contends that we should adopt this approach because the Commission is "a political body and not a truly impartial fact finding body," that it is "mystifying" why the Commission hears compensation claims *de novo* when it is the ALJ who actually hears the witnesses, and that we would be merely a "rubber stamper" if we did not adopt the approach taken by the Eight Circuit. The claimant's first two contentions have been discussed before, *see Webb* v. *Workers' Compensation Comm'n*, 292 Ark. 349, 352, 730 S.W.2d 222, 726 (1987) (Newbern, J., concurring), but our law in this regard remains as it was.

As to our standard of review we are unquestionably bound both by statute and the decisions of the Arkansas Supreme Court. Ark. Code Ann. § 11-9-711(b)(4) provides that, "[t]he court shall review only questions of law and may . . . reverse . . . upon any of the following grounds, and no other: . . . (D) That the order or award was not supported by substantial evidence of record." In *Arkansas Power & Light Co.* v. *Hooks*, 295 Ark. 296, 749 S.W.2d 291 (1988), the supreme court said that the established rule of review in workers' compensation cases is that the Commission's findings must be upheld unless there is no substantial evidence to support them. The court said:

> The commission is the fact finding body in the administrative procedure of workers' compensation claims. On appellate review, the court is not to substitute its judgment for that of the commission regarding facts. The appellate role is only to see if there is substantial evidence to support the commissions's findings.

*Hooks*, 295 Ark. at 299 (citations omitted). Substantial evidence exists if reasonable minds could have reached the same conclusion. *Wade* v. *Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). The weight and credibility of a witness's testimony are

exclusively within the province of the Commission. *Wade*, 298 Ark. at 370. While it is clear that we utilize a less stringent standard of review than that adopted by the Eighth Circuit, we have also made it clear that the substantial evidence test does not wholly insulate the Commission from judicial review.[1] *See Boyd v. General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1987). In any event we are clearly obliged to follow the decisions of the Arkansas Supreme Court.

In the case at bar we are persuaded that the Commission's decision that the claimant was not permanently disabled as a result of her 1984 back injury is supported by substantial evidence.

Affirmed.

CRACRAFT, C.J., and ROGERS, J., agree.

---

[1] Not everyone agrees that it is necessarily wise to expand the scope of judicial review. *See, e.g.*, Wright, *The Doubtful Omniscience of Appellate Courts*, 41 Minn. L. Rev. 751 (1957).