Melvin JOHNSON *v.* AMERICAN PULPWOOD COMPANY and Cigna Insurance Company

CA 91-159                                    826 S.W.2d 827

Court of Appeals of Arkansas
Division II
Opinion delivered March 25, 1992

*J. G. Molleston*, for appellant.

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellee.

JOHN E. JENNINGS, Judge. In his job as a pulpwood hauler, Melvin Johnson sustained several injuries over roughly a two-year period. After a July 6, 1989, hearing, an administrative law judge found that appellant had permanent partial disability of 26% to his left hand and 15% to his left foot. The ALJ further ordered that appellant "undergo a comprehensive and thorough evaluation under the direction of his principal treating physician, Dr. Clinton G. McAlister," with regard to his back, neck, and head injuries. After his hospitalization and evaluation by Dr. McAlister, appellant was dissatisfied with his lack of progress and went to Dr. Chris Bookout, a chiropractor, for treatment. These chiropractic treatments offered only temporary relief.

At an April 24, 1990, hearing before another ALJ, appellant sought additional benefits, a retroactive change of physicians,

and a penalty for failure to pay benefits previously ordered. The ALJ held that appellant had failed to show entitlement to permanent partial disability for his back injury and denied the retroactive change of physicians. However, the ALJ did find that a penalty was warranted. On appeal, the full Commission affirmed the denial of additional benefits and the denial of retroactive change of physicians, but reversed on the award of penalties.

█ Appellant first argues that it was error to not allow a retroactive change of physician from Dr. McAlister, an orthopedic surgeon, to Dr. Bookout, a chiropractor. The procedure for obtaining a change of physician is described in Ark. Code Ann. § 11-9-514 (1987). The record shows that appellant received an A-29 form notifying him of this procedure. Dr. McAlister testified that he did not refer appellant to a chiropractor. While the requirements are less strenuous when the desired change is to a chiropractor, advance written notice to the employer or carrier is still required. *See Farmer's Ins. Co. v. Buchheit*, 21 Ark. App. 7, 727 S.W.2d 391 (1987); Ark. Code Ann. § 11-9-514(a)(2). The Commission no longer has the broad discretion it once had to retroactively approve a change of physicians. *Wright Contracting Co. v. Randall*, 12 Ark. App. 358, 676 S.W.2d 750 (1984); *American Transportation Co. v. Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983). While appellant did not comply with the requirements of the statute, he argues that he substantially complied by explaining his non-compliance and by filing a petition for change of physician after the fact. Absent compliance with the statute, the employer is not liable for a new physician's services. *Crosby v. Micro Plastics, Inc.*, 30 Ark. App. 225, 785 S.W.2d 56 (1990). The Commission committed no error in denying the change.

██ Appellant's second argument is that the Commission erred in denying his motion for an interlocutory order or remand for new evidence. The evidence appellant wanted the Commission to consider was a report made by Dr. Warren D. Long, a neurosurgeon. Dr. Bookout had referred appellant to Dr. Long in August of 1990, several months after the hearing before the ALJ. Whether to remand for taking additional evidence is a determination within the Commission's discretion; on appeal an exercise of that discretion will not be lightly disturbed. *Whirlpool Corp. v.*

*Kaelin*, 19 Ark. App. 331, 720 S.W.2d 722 (1986). A case should only be remanded if the newly discovered evidence is relevant, is not merely cumulative, would change the result, and was diligently discovered and produced by the movant. *Roberts-McNutt, Inc.* v. *Williams*, 15 Ark. App. 240, 691 S.W.2d 887 (1985), citing *Mason* v. *Lauck*, 232 Ark. 891, 340 S.W.2d 575 (1960). In applying these criteria here, the Commission stated that appellant had failed to show why Dr. Long's evaluation report could not have been obtained prior to the ALJ's hearing. The Commission found that appellant had failed to demonstrate due diligence in obtaining the additional evidence. We find no abuse of the Commission's discretion on this point.

Appellant's third argument is that the Commission erred in finding that he had failed to prove by a preponderance of the evidence that he had permanent partial disability of 50% to the body as a whole. Appellant relies upon his own testimony regarding his condition, as well as the opinions of Drs. Bookout and McAlister which note appellant's continuing complaints of pain. However, after examination and treatment, neither doctor was able to assign an impairment rating for appellant. Where the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991). The Commission's finding here is supported by substantial evidence.

Appellant's fourth argument is that the Commission erred in holding that a late payment penalty should not be assessed until after the expiration of the time for appeal. In the first ALJ's order, dated July 12, 1989, the appellees were ordered to pay $9,140.25 for the injuries to appellant's hand and foot. There was no appeal from these holdings. Partial payment of $4,316.62 was made on August 17, 1989, and the balance of $4,823.67 was not paid until September 22, 1990.

Appellant's argument is based on Ark. Code Ann. § 11-9-802(c):

If any installment, payable under the terms of an award, is not paid within fifteen (15) days after it becomes

due, there shall be added to such unpaid installment an amount equal to twenty percent (20%) thereof, which shall be paid at the same time as, but in addition to, the installment unless review of the compensation order making the award is had as provided in §§ 11-9-710 — 11-9-712.

The Commission held that the penalty did not attach until fifteen days after the time for filing an appeal has expired:

[T]he Administrative Law Judge's order awarding benefits was filed July 12, 1989. Thus, [appellee] had until August 11 to file an appeal of that decision. Once the time for filing an appeal had expired [appellee] had 15 days within which to pay benefits as ordered by the award. Here, the first payment made on August 17, 1989, was within that period and therefore was timely. However, the payment made on September 22nd was not timely and the Administrative Law Judge correctly ordered [appellee] to pay a 20% penalty on those benefits.

Obviously the Commission read Ark. Code Ann. § 11-9-802(c) in conjunction with Ark. Code Ann. § 11-9-711(a)(1), which provides:

(a) Award or Order of Administrative Law Judge or Single Commissioner - Review.

(1) A compensation order or award of an administrative law judge or a single commissioner shall become final unless a party to the dispute shall, within thirty (30) days from the receipt by him of the order or award, petition in writing for a review by the full commission of the order or award.

We think the Commission was right to try to reconcile the two statutes and that its interpretation of Ark. Code Ann. § 11-9-802(c) was the correct one.

Finally, appellant argues that the Commission erred in not applying the late payment penalty to medical benefits. However, in *Model Laundry & Dry Cleaning* v. *Simmons*, 268 Ark. 770, 596 S.W.2d 337 (Ark. App. 1980), we held that the penalty provision applies only with respect to failure to pay "installments" on time, and that medical expenses are not

included. The Commission's order merely followed our decision in *Simmons*.

Affirmed.

CRACRAFT, C.J., and ROGERS, J., agree.