James BATES *v.* FROST LOGGING CO., et al.

CA 91-299                                             827 S.W.2d 664

Court of Appeals of Arkansas
Division I
Opinion delivered April 8, 1992
[Rehearing denied May 6, 1992.]

*Winfred A. Trafford* and *G. Ray Howard*, for appellant.

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.* and *J. Michael Pickens*, for appellee.

JAMES R. COOPER, Judge. This appeal is from a decision of the Workers' Compensation Commission. The full Commission reversed the decision of the administrative law judge and denied the appellant benefits on a finding that he failed to prove by a preponderance of the evidence that his back injury was caused by a work-related accident.

For reversal, the appellant contends that this finding was not supported by substantial evidence, and that the facts found by the

Commission do not support its opinion and order. We agree, and reverse the decision of the full Commission.

The appellant was employed by the appellee, Frost Logging Company in April 1988, when he fell off a log truck while marking footage on loaded logs. He testified before the administrative law judge that his employer was about to drop a log on his hand and he stepped back to avoid it. When he did, the loader swung around, jerking and vibrating the truck and he fell, unable to hold onto the slick logs. He immediately felt tingling in his back, left hip and left leg but returned to work the following day. Bobby Jones, the appellant's co-employee, testified that after the fall, the appellant "was kind of stove up like arthritis" for the next day or two; that later he "was slow about moving and he had trouble throwing his chains (to bind the logs), and Joe (the employer) had to throw his chains for him every once in a while . . . He didn't trim limbs or run the chain saw after that either." Mr. Jones further stated that the appellant was able to perform all of his duties before the fall, describing him as "gung-ho . . . working hard", and that after the fall he noticed the appellant having periodic back problems.

The appellant continued in his employment until July 1988, when he was forced to quit due to respiratory problems attributed to carbon monoxide poisoning. He met with an attorney at that time to seek assistance in obtaining financial assistance from his employer for the medical bills associated with his respiratory problems. He did not discuss the work-related fall or back injury with his attorney at that time.

In September 1988, the appellant was hospitalized primarily for the respiratory problems but complaints of lumbar pain and back pain were noted in the narrative reports. A CAT scan conducted in November showed that the appellant had a herniated disc, and he subsequently underwent surgery for his back. He was assigned a permanent partial disability rating of 10 percent to the body as a whole after the surgery, and was awarded temporary total disability benefits by the administrative law judge. It was this award which the Commission reversed.

When reviewing decisions from the Arkansas Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most

favorable to the findings of the Commission, and we must uphold those findings unless there is no substantial evidence to support them. *Scarbrough* v. *Cherokee Enterprises*, 33 Ark. App. 139, 803 S.W.2d 561 (1991). In cases where a claim is denied because a claimant fails to show entitlement to compensation by a preponderance of the evidence, the substantial evidence standard of review requires that we affirm if a substantial basis for the denial of relief is displayed by the Commission's opinion. *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979); *Linthicum* v. *Mar-Box Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987).

■■ In a workers' compensation case, the claimant has the burden of proving by a preponderance of the evidence that his claim is compensable, i.e., that his injury was a result of an accident that arose in the course of his employment, and that it grew out of, or resulted from the employment. *Wolfe* v. *City of El Dorado*, 33 Ark. App. 25, 799 S.W.2d 812 (1990). He must prove a causal connection between the work-related accident and the later disabling injury. *Lybrand* v. *Arkansas Oak Flooring Company*, 266 Ark. 946, 588 S.W.2d 449 (1979). It is not, however, essential that the causal relationship between the accident and disability be established by medical evidence, *Crain Burton Ford Company* v. *Rogers*, 12 Ark. App. 246, 674 S.W.2d 944 (1984), nor is it necessary that employment activities be the *sole* cause of a workers' injury in order to receive compensation benefits. It is enough if there is "a substantially contributory causal connection between the injury and the business in which the employer employs the claimant." *Lockeby* v. *Massey Pulpwood*, 35 Ark. App. 108, 812 S.W.2d 700 (1991).

The Commission conducted a *de novo* review of all the evidence in the record which included testimony of the appellant, his wife, and a former co-employee. The opinion stated:

> Undisputed and uncontradicted testimony indicates that the Claimant did fall off a logging truck in late April of 1988 while performing employment-related duties for the Respondent employer. The testimony also indicates that the Claimant immediately began to experience back problems. The Claimant and a former co-employee both testified with regard to the fall, and they both testified that

the Claimant was not able to perform his employment duties as well after the fall as before. In addition, his wife testifed that she and a son had to assist the Claimant in getting out of his truck on the day that the fall occurred, and both the Claimant and his spouse testified that he immediately began to experience problems with his lower back and left leg and that these problems progressed to the point where he experienced numbness in his left leg and could not control the leg, causing him to lose his balance at times. However, the claimant returned to work immediately after the fall and he worked continuously until he terminated his employment with the Respondent employer in July of 1988 for medical reasons unrelated to his back condition.

The Commission noted that the appellant testified that he complained to his doctor about his back pain prior to September, but the Commission found no other evidence to support this testimony. The appellant explained that his doctor considered his respiratory problems serious, requiring urgent care, and planned to treat his back afterward. There was no testimony which disputed his explanation.

The Commission also noted that the doctor's report from the visit in which the appellant complained of his back pain stated that he was "having lumbar pain from a fall that happened over the weekend." The opinion then refers to a letter written by the doctor in 1990 stating that the appellant was first treated in September 1988 for "an old back injury which had become aggravated over the weekend." The appellant explained that he fell due to the loss of control of his left leg which he attributed to the work-related fall. Again, no evidence contradicted his explanation.

Finally, the Commission found significance in the fact that the appellant had filed a previous workers' compensation case in Louisiana while working for another employer, and that, in this case, the appellant met with an attorney about aid for his respiratory problems but failed to mention the back injury. The Commission concluded that this proved that the appellant was aware of his possible claim and his employer's responsibility. Nevertheless, the appellant's previous claim was totally unre-

lated and he testified that he had no part in its filing and that he was unaware that his current employer carried workers' compensation insurance. This testimony was corroborated by his co-employee's testimony that the employer did not post any notices as to workers' compensation claims. The appellant said that he did not mention his back injury to the attorney because he was trying to pay doctors' bills which were attributed only to the respiratory problems.

The Commission concluded that he was diagnosed with a herniated disc five months after the fall but the pain he experienced had not been severe enough for him to seek treatment before that time. Furthermore, his effort to obtain treatment even then was secondary to obtaining treatment for his respiratory problem and that none of the medical records attributed his back pain to a work-related fall. It concluded that it could "not say there is no other logical explanation for the [appellant's] back problems."

The progression of the appellant's injury is almost identical to that as found in *Chambers* v. *Jerry's Department Store, Inc.*, 269 Ark. 592, 599 S.W.2d 448 (Ark. App. 1980), where the appellant admittedly suffered a compensable injury which caused her to have pain intermittently over a period of 19 months. The appellant's doctor testified that he was unable to say what caused the injury, but that, in reference to her work-related accident, "there [was] an excellent possibility" that it was the cause. "He further stated that assuming she had an injury in December 1976, the back or disc injury could get progressively worse without trauma and this is not unusual." *Id.* at 597. The Court, in reviewing the issue of causal connection between the injury and the herniated disc, reversed the decision of the Commission which denied benefits, and stated:

> The decision of the administrative law judge, affirmed by the Commission, stated the issue to be decided was 'necessarily a medical question.' This erroneous conclusion resulted in inadequate consideration of other facts in the record showing claimant's back problems originated with the injury, and while at times in partial remission, were continuous from the time of the injury.

We stated that unquestionably the medical evidence was

important, but that the language of the Commission and the record as a whole indicated that too little importance was given to other evidence relevant to causation, i.e., immediate onset of pain and continued physical problems after the appellant's work-related fall. We believe the same error has been committed here.

The testimony before the administrative law judge in the case at bar was that the appellant had never had problems with his back until the fall in April 1988; that he experienced severe pain immediately after the accident; that he continued to work, though with much difficulty which was noticeable to his co-employee; and that the pain and loss of control he was having progressed to a point where medical attention was necessary.

Based on these facts, we find that the opinion of the Commission fails to display a substantial basis for denial of relief. Therefore, we reverse the decision of the full Commission and remand to the Commission to award appropriate benefits.

Reversed and remanded.

DANIELSON and MAYFIELD, JJ., agree.