Allen SMITH *v.* STATE of Arkansas

CA CR 94-687                                      896 S.W.2d 450

Court of Appeals of Arkansas
Division I
Opinion delivered April 12, 1995
[Rehearing denied May 17, 1995.*]

*Etoch Law Firm*, by: *Louis A. Etoch*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of two counts of aggravated assault for which he was sentenced to six years in the Arkansas Department of Correction on each count to run concurrently. Judgment was entered on January 4, 1994. The appellant's abstract shows that he filed a motion for a new trial on January 24, 1994. The notice of appeal abstracted by the appellant was filed on February 22, 1994. An order denying the appellant's motion for a new trial was entered on April 13, 1994.[1] We do not address the arguments raised by the appellant on appeal because we conclude that he failed to file a timely notice of appeal.

---

'Mayfield, J., would grant.

[1]Although the order denying the appellant's motion was entered on April 13, 1994, nunc pro tunc February 21, 1994, a judgment or order is entered within the meaning of Rule 4 when it is filed with the clerk of the court in which the claim was tried. Ark. R. App. P. 4(e).

Rule 4(a) of the Arkansas Rules of Appellate Procedure provides that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." Rule 4(b) extends the time for filing a notice of appeal upon a timely filing in the trial court of a motion for judgment notwithstanding the verdict under Ark. R. Civ. P. 50(b), a motion to amend the court's findings of fact or to make additional findings under Ark. R. Civ. P. 52(b), or a motion for a new trial under Ark. R. Civ. P. 59(b). Under Rule 4(c), if a timely motion listed in section (b) is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any motion.

Rule 4(c) also provides that if the trial court neither grants or denies the motion within thirty days of its filing, the motion will be deemed denied as of the thirtieth day. A notice of appeal filed before the disposition of any such motion or prior to the expiration of the thirty-day period shall have no effect. Rule 4(c) applies to criminal matters where the motion made following the judgment of conviction is analogous to a civil motion made under Rule 50(b), Rule 52(b) or Rule 59(b). *Fuller* v. *State*, 316 Ark. 341, 872 S.W.2d 54 (1994); *Enos* v. *State*, 313 Ark. 683, 858 S.W.2d 72 (1993).[2]

We hold that the appellant failed to file a timely notice of appeal and as a result, this Court lacks jurisdiction to entertain the matter. We, therefore, dismiss the appeal.

Appeal dismissed.

PITTMAN and ROBBINS, JJ., agree.

---

[2]We note the Supreme Court's per curiam *In re Amendment to Rule 36.9 of the Arkansas Rules of Criminal Procedure*, 315 Ark. Appx. 770 (1994) effective January 31, 1994, amended Rule 36.9 to specifically incorporate Rule 4(c) into the Arkansas Rules of Criminal Procedure. Our holding that the appellant's notice of appeal was not timely filed makes it unnecessary to decide whether the timeliness of the appellant's motion for a new trial is to be determined by reference to the 10-day period set out in Rule 59(b) (*see Fuller, supra*), or by reference to the 30-day period prescribed by Ark. R. Crim. P. 36.22 since in either event the notice of appeal was untimely.