Gus M. PANNELL *v.* STATE of Arkansas

CR 94-452                                    897 S.W.2d 552

Supreme Court of Arkansas
Opinion delivered May 1, 1995

*Karen R. Baker,* for appellant.

No response.

PER CURIAM. Appellant was convicted of first degree battery. He appealed. We dismissed the appeal because no effective notice of appeal was filed. *Pannell* v. *State*, 320 Ark. 250, 895 S.W.2d 911 (1995). Appellant's attorney subsequently filed a motion styled "Motion For A Belated Appeal" and has filed a pleading admitting it was her error that resulted in the failure to give an effective notice of appeal. She asks that, because of her error, we grant a belated appeal.

Under authority of A.R.Cr.P. Rule 36.9, we grant belated appeals because of attorneys' errors, but those are granted before the case has been submitted to an appellate court. *See, e.g., Krein v. State*, 318 Ark. 172, 883 S.W.2d 481 (1994). This case, however, has already been taken under submission and decided, and a signed opinion has been handed down. *See* Ark. Sup. Ct. R. 5-2(a). In a comparable case, one of the petitioners, Hogrobrooks, attempted to appeal from a criminal contempt order. No effective notice had been filed. We noted that under Rule 36.9 we could act upon and decide a case when a good reason was shown for the omission. However, because no good reason had been shown *by the time the case was submitted*, we dismissed the appeal with prejudice. *Davis* v. *State*, 319 Ark. 171, 889 S.W.2d 769 (1994).

After the signed opinion was handed down in this case, the petitioner could have timely filed a petition for rehearing, but a petition for rehearing is limited to calling attention to specific errors of law or fact which the opinion is thought to contain. Ark. Sup. Ct. R. 2-3(g). A rehearing does not encompass a set of new facts, new briefs, and new arguments. Yet, that is precisely what would occur if we granted a motion for a belated appeal after an appellate opinion was handed down. If we were to allow such a practice there would be much less finality to appellate opinions.

Accordingly, the petition for a belated appeal is denied.