Allen SMITH *v.* STATE of Arkansas

CA CR 94-687                                         898 S.W.2d 468

Supreme Court of Arkansas
Opinion delivered May 30, 1995

*Etoch Law Firm*, by: *Louis A. Etoch*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant was convicted of two counts of aggravated assault and sentenced to six years imprisonment. He appealed. The Court of Appeals dismissed the appeal because no effective notice of appeal was filed. *Smith* v. *State*, 49 Ark. App. 73, 896 S.W.2d 450 (1995). Appellant's attorney subsequently filed a motion styled "Motion For A Belated Appeal" and has stated it was his error that resulted in the failure to give an effective notice of appeal. He asks that, because of his error, we grant a belated appeal.

Under authority of Ark. R. Crim. P. Rule 36.9, we

grant belated appeals because of attorneys' errors, but those are granted before the case has been submitted to an appellate court. *See, e.g., Krein* v. *State*, 318 Ark. 172, 883 S.W.2d 481 (1994). This case, however, has already been taken under submission and decided, and a signed opinion by the Court of Appeals has been handed down. See Ark. Sup. Ct. R. 5-2(a).

This same month we decided this identical issue in an unrelated case. *See Pannell* v. *State*, 320 Ark. 390, 897 S.W.2d 552 (1995). There, we stated:

> After the signed opinion was handed down in this case, the petitioner could have timely filed a petition for rehearing, but a petition for rehearing is limited to calling attention to specific errors of law or fact which the opinion is thought to contain. Ark. Sup. Ct. R. 2-3(g). A rehearing does not encompass a set of new facts, new briefs, and new arguments. Yet, that is precisely what would occur if we granted a motion for a belated appeal after an appellate opinion was handed down. If we were to allow such a practice there would be much less finality to appellate opinions.

Accordingly, the petition for belated appeal is denied. There still may be available to appellant a remedy under Rule 37 of the Arkansas Rules of Criminal Procedure, and neither this per curiam order nor the per curiam order in *Pannell* v. *State, supra*, denies an appellant that remedy.