Jack JORDAN v. TYSON FOODS, INC.

CA 94-705                                                    911 S.W.2d 593

Court of Appeals of Arkansas
En Banc
Opinion delivered December 6, 1995
Substituted Opinion Granting Rehearing

102

*Donald E. Bishop*, for appellant.

*Bassett Law Firm*, by: *Angela Doss*, for appellee.

JUDITH ROGERS, Judge. We previously rendered an unpublished opinion in this case, *Jordan* v. *Tyson Foods*, CA 94-705 slip op. (Ark. App. June 7, 1995), reversing and remanding the case back to the Commission. In response to this opinion, Tyson Foods petitioned this court for rehearing contending that we erred in our decision to reverse the Commission's decision. After thoroughly reviewing the case *en banc*, we grant Tyson's petition for rehearing and now affirm the Commission's decision.

On June 4, 1990, Jack Jordan sustained a compensable injury to his right shoulder while working for Tyson Foods. Compensation was paid, and Mr. Jordan was off work for thirty days. In December of 1990, Mr. Jordan voluntarily quit working for Tyson. Mr. Jordan has not been employed since that time. On April 26, 1991, Mr. Jordan claimed that while he was getting out of bed he stretched his arms and his right shoulder dislocated. Subsequently, he filed a claim for additional benefits on June 28, 1991. The Commission found that Mr. Jordan had failed to prove by a preponderance of the evidence that he remained within his healing period from April 26, 1991, through December 2, 1991.

On appeal, Mr. Jordan argues that the Commission's finding that he failed to prove entitlement to additional benefits is not supported by substantial evidence. We disagree.

In workers' compensation cases, the claimant has the burden of proving by a preponderance of the evidence the com-

pensability of his claim. *Bates* v. *Frost Logging Co.*, 38 Ark. App. 36, 827 S.W.2d 664 (1992). Where the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Johnson* v. *American Pulpwood Co.*, 38 Ark. App. 6, 826 S.W.2d 827 (1992). In making our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *McClain* v. *Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989). And, the Commission has the authority to accept or reject medical opinion and the authority to determine its medical soundness and probative force. *Id.*

First, we note that Mr. Jordan failed to abstract any medical evidence presented in this case. The only evidence in this case that Mr. Jordan chose to abstract was a portion of his testimony and a portion of his wife's testimony. It is well established that appellant is required to abstract all relevant material pertaining to the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(6). In this case appellant has failed to adequately abstract all relevant evidence and comply with Rule 4-2(a)(6). *See Rapley* v. *Lindsey Const. Co.*, 5 Ark. App. 31, 631 S.W.2d 844 (1982).

Despite Mr. Jordan's flagrantly deficient abstract, the record indicates that there is no evidence restricting or prohibiting Mr. Jordan from working between April 26, 1991, and December 2, 1991. In fact, Mr. Jordan testified that he had been actively seeking employment during this time. The Commission found that Mr. Jordan offered insufficient medical evidence indicating that he remained within his healing period or that he remained totally incapacitated from working during that period of time. The Commission noted that "any indication that claimant was totally incapacitated from working comes directly from the claimant. . . . Claimant's testimony when considered in conjunction with the other evidence of the record does not constitute the preponderance of the credible evidence." After reviewing the record, we cannot say that there is no substantial basis for the Commission's denial of additional temporary total benefits.

Next, Mr. Jordan argues that there is no substantial evidence to support the Commission's finding that Tyson is not liable for his additional medical expenses.

The record reveals that Mr. Jordan did not notify Tyson until after he sought medical treatment and after surgery had been performed. It is also clear that Mr. Jordan did not return to his primary treating physician who treated him at the time of his compensable injury. The record indicates that Mr. Jordan was treated by an unauthorized physician. The record also reveals that Mr. Jordan filed the claim for medical benefits with his wife's insurance, then waited several months after his surgery and after he had hired an attorney to notify Tyson that he had had a recurrence of his compensable injury and was in need of treatment.

Arkansas Code Annotated § 11-9-514 (Supp. 1993) provides that treatment or services furnished or prescribed by any physician other than the ones selected according to the statute, except for emergency treatment, shall be at the claimant's expense. The Commission found that the medical treatment received by Mr. Jordan was unauthorized and, therefore, Mr. Jordan was responsible for the costs. We cannot say that there is no substantial evidence to support the Commission's decision based on the record before us.

Mr. Jordan also contends that the Commission failed to make findings as to whether his medical treatment was emergency treatment.

As Tyson points out in its brief and as the record displays, this argument was not raised below before the ALJ or before the Commission. Because we do not consider issues raised for the first time on appeal, we decline to address Mr. Jordan's final point. *See Mosley* v. *McGehee School Dist.*, 36 Ark. App. 11, 816 S.W.2d 891 (1991).

In conclusion we note that in the previous appeal of this case, we stated that it appeared that the April 26, 1991, occurrence was related to the June 1990 injury and, therefore, compensable. This determination constituted a de novo review rather than a review of the evidence in the strongest light in favor of the Commission's findings. We erroneously weighed the evidence at the appellate level, and perhaps inadvertently overlooked that

the Commission's findings of fact may have been based on credibility determinations that we could not make. Since a thorough review of the record has precipitated that decision, it is our conclusion to grant the petition for rehearing and reverse ourselves on matters where we may have misspoken. Our error was not one of willfulness, but was an honest attempt to reconcile the later injuries with the earlier accident. We were wrong in our review and reverse our earlier opinion. In sum, we grant the petition for rehearing and affirm the Commission's decision denying additional temporary total benefits.

MELVIN MAYFIELD, Judge, dissenting. The petition for rehearing in this case argues two points. I would agree to remand on one point, but on the other point the opinion of the majority has taken a hundred and eighty degree turn to grant rehearing and affirm a decision of the Arkansas Workers' Compensation which this court has previously reversed on two different occasions. Not only do I believe the majority has reached the wrong result on this one point, I think it violates Rule 2-3(g) of the Rules of The Arkansas Supreme Court and Court of Appeals.

To understand the situation involved, it is necessary to start with our unpublished opinion in the first appeal of this case. In that opinion, *Jordan* v. *Tyson Foods*, CA 93-258 slip opinion (Ark. App. February 2, 1994) this court began by stating:

> This is an appeal from the Workers' Compensation Commission's decision finding that appellant had failed to prove by a preponderance of the evidence that he is entitled to temporary total disability benefits or additional medical treatment.

The opinion then pointed out that on June 4, 1990, the appellant sustained a compensable injury to his right shoulder while working for appellee; that appellant allegedly dislocated his shoulder again on April 26, 1991, when he was no longer working for appellee; that he received surgery after the second incident; and that the Commission reversed the administrative law judge's award of medical expenses and temporary total disability benefits from April 26, 1991, through December 2, 1991. Our opinion then said, with regard to the temporary total benefits, that "the Commission simply stated the appellant had 'offered insufficient medical evidence'" to support his claim. And the opinion

added, "Other than making this bald pronouncement, the Commission does not state facts in support of its conclusions." The last paragraph of the opinion stated:

> We conclude that this case should be remanded to the Commission for a specific finding on the issue of whether appellant is entitled to temporary total disability benefits. In order that the case not be decided piecemeal on appeal, we will not address appellant's remaining issues on appeal.

The case came back to this court after the Commission's decision on remand was issued, and a division of this court issued another opinion on June 7, 1995. But before discussing that opinion, it is important to closely examine the Commission's decision that was issued in response to our first opinion calling for "a specific finding on the issue of whether appellant is entitled to temporary total disability."

In making this examination, we should keep in mind that this case involves only two issues: (1) whether appellant is entitled to temporary total disability; and (2) whether appellant is entitled to medical benefits for payment of the treatment received for the dislocated shoulder he sustained on April 26, 1991. It should also be remembered that appellant had sustained a compensable injury to that shoulder on June 4, 1990, while working for the appellee. Not only had our opinion of February 2, 1994, so stated (and that issue had therefore become the law of the case), but the appellee had admitted this fact and had paid medical expenses for that injury.

Thus, the present case clearly involves the question of whether appellant's dislocation of that same shoulder on April 26, 1991, while at home, was a recurrence of the June 4, 1990, injury. In *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983), in discussing the meaning of "recurrence," we said:

> We conclude that in all of our cases in which a second period of medical complications follows an acknowledged compensable injury we have a applied the test set forth in *Williams* [*Aluminum Co. of America* v. *Williams*, 232 Ark. 216, 335 S.W.2d 315 (1960)] — that where the second period of medical complications is found to be a natural and probable result of the first injury, the employer remains

liable. Only where it is found that the second episode has resulted from an independent intervening cause is that liability affected. While there may be some variance in the words used to describe the principle, there has been no departure from the basic test, i.e., whether there is a causal connection between the two episodes.

7 Ark. App. at 71, 644 S.W.2d at 324. *Accord McDonald Equipment Co.* v. *Turner*, 26 Ark. App. 264, 766 S.W.2d 936 (1989).

In keeping with the proposition that the April 26, 1991, dislocation was a recurrence of the June 1990 work-related injury, the Commission in its first decision had said, "[W]e find that even if claimant suffered a compensable injury, he has failed to prove by a preponderance of the evidence that he is entitled to additional medical treatment or temporary total disability benefits." Our reversal and remand of that decision had stated, "On April 26, 1991, appellant allegedly dislocated his shoulder again when he was stretching his arms in the air," and we remanded because we were "unable to determine from the Commission's decision what evidence, if any, it found insufficient." Thus it appears that we were not sure whether the Commission even found that the appellant dislocated his shoulder. But in its second decision, the Commission did not address the question of whether the April 1991 shoulder dislocation had occurred or whether it was a recurrence of the June 4, 1990, work-related injury.

In our second opinion, which the majority has today reversed by granting appellee's petition for review, we pointed out the fact that the Commission in its second decision did not even discuss the recurrence issue, and we quoted from the Commission's decision the following language:

[T]he Court of Appeals has requested that we elaborate on our finding that claimant has "offered insufficient medical evidence indicating that he remained within his healing period through that date or that he remained totally incapacitated from working during this period of time." We premised this on the facts contained in the record. Firstly, the record contains absolutely no medical records taking claimant off work. Furthermore, there is no medical evidence releasing claimant to return to work. How-

ever, there is evidence offered by claimant in his deposition dated September 4, 1991, that as early as mid July, 1991 he was capable of working. In his deposition, claimant testified that he was actively seeking employment having applied at the unemployment office and at a local hospital. Claimant offered no indication that he was refused any employment due to his work-related injury.

It seems clear that the above language is based on the assumption that the appellant's shoulder dislocation on April 26, 1991, was a recurrence of the June 4, 1990, injury, i.e., there was a causal connection between the two episodes. *See Bearden Lumber Co.* v. *Bond, supra.* The Commission's first decision said it was based on that assumption, and the appellant argued in his first brief in the appeal from the Commission's second decision as follows:

It is initially pointed out that in its initial opinion and order, the Commission declined to decide whether Mr. Jordan suffered a compensable injury on April 26, 1991, and based its decision on the assumption that he did suffer such an injury. (Abstract 23-25). (The Commission's order and opinion on remand makes no reference to this question.) In view of such fact, this Court's review of the Commission's order will necessarily be based on the same assumption, and it is therefore unnecessary to argue the facts and law clearly establishing that Mr. Jordan's shoulder separation of April 26 was a compensable recurrence of his compensable injury of June 4, 1990.

Appellant's Brief at 30.

Of course, the appellee did not agree with the above contention and replied to it as follows:

Here, the appellant was not working at the time of the alleged recurrence. The appellant's unemployed status was not the result of his compensable injury of June 4, 1990, but rather the result of a conscious decision to quit work because of the distance required to commute to and from work, (Tr. 36) and his decision to not seek employment elsewhere, (Tr.27).

Appellee's Brief at 11.

Faced with the above situation, our second opinion (issued June 7, 1995) stated that we agreed with the appellant's contention, and we then discussed the evidence given by the appellant and the doctors who treated the appellant for the shoulder dislocation sustained on April 26, 1991. Our conclusion in that regard was that "the Commission could deny benefits only by ignoring the medical evidence." We recognized that it was our duty to view the evidence in the light most favorable to the Commission's decision and to affirm that decision if it was supported by substantial evidence. However, we cited *Deffenbaugh Industries* v. *Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993), and *Johnson* v. *General Dynamics*, 46 Ark. App. 188, 878 S.W.2d 411 (1994), for the proposition that we will reverse the Commission if we are convinced that fair-minded persons could not have reached the same conclusion arrived at by the Commission. Therefore, we held that under the evidence the appellant was entitled to an award of temporary total disability benefits from the date of his shoulder dislocation on April 26, 1991, through June 12, 1991, the date of the last medical visit to the doctor who followed appellant through his recovery from the surgery on his dislocated shoulder. But we found that there was substantial evidence to support the Commission's decision that appellant was not entitled to those benefits through December 2, 1991, as he claimed.

There is a distinction between the claim for temporary total disability during the healing period from appellant's surgery and the second point involved in this appeal which presents the question of whether that surgery was "emergency treatment." That distinction will be discussed later, but first I want to finish with my contention that the majority of this court has erred in granting the petition for rehearing insofar as the temporary disability issue is concerned.

On this point, the opinion granting the petition for rehearing has, in all due respect, simply ignored Arkansas Supreme Court and Court of Appeals Rule 2-3(g), which provides:

The petition for rehearing should be used to call attention to specific errors of law or fact which the opinion is thought to contain. Counsel are expected to argue the case fully in the original briefs, and the brief on rehearing is not intended to afford an opportunity for a mere repetition

of the argument already considered by the court.

Our supreme court has said that under this rule, which was formerly Rule 20, the repetition of the original argument is inappropriate, *Butler Mfg. Co.* v. *Hughes*, 292 Ark. 198, 206A-B, 731 S.W.2d 214, 215, (1987) (opinion on rehearing), and that such an argument will not be considered, *Warren* v. *Warren*, 273 Ark. 528, 537B, 623 S.W.2d 813, 808 (1981) (opinion on petition for rehearing).

There is no question but what the issue of temporary disability was fully argued by the parties in the original briefs filed in this case. At the time the June 7, 1995, opinion was issued by this court the three judges agreeing to that opinion knew as much about that issue as they do today. Nothing new has been presented on the issue by the petition for rehearing. It is only a repetition of the original argument and under Rule 2-3(g) it should not be considered.

The opinion granting rehearing also faults the appellant for failure to "abstract any medical evidence." I think that comes too late also. Not only is it closely akin to the very thing Rule 2-3(g) is obviously designed to prevent, but I do not agree that there is any defect in appellant's abstract. Clearly the purpose of an abstract is to inform the court of the matters necessary to its determination of the case. This case was sent back to the Commission for specific findings. Apparently the majority of the court now considers those findings to be adequate, and the appellant has abstracted the decisions of the Commission and the decision of the administrative law judge. A portion of the law judge's decision is abstracted as follows:

> The medical reports are replete with references to recurrent dislocation or subluxation. There is no medical report, however, specifically answering the ultimate question. Common sense, however, dictates that each time a shoulder is dislocated that some damage is done to the structure. Therefore, a subsequent nontraumatic dislocation of the shoulder that was the subject of a traumatic compensable dislocation is obviously causally related to the traumatic dislocation. This conclusion is based upon the medical evidence referring to recurrent shoulder dislocations. It is concluded that the claimant's shoulder dis-

location of April 26, 1991, is a recurrence of the compensable injury in itself compensable.

The appellee had no problem with the appellant's abstract of the medical evidence and, in fact, did not even argue, in its brief on appeal from the Commission's decision, that the medical evidence was not sufficient to support the appellant's claim for temporary total disability. The appellee's brief on this point argued that the Commission's opinion should be affirmed because temporary total disability was not available to appellant for the reason that he was not working and earning wages "at the time of the alleged recurrence."

Therefore, the lack of a sufficient abstract of medical evidence is not, in my opinion, a valid reason for granting the appellee's petition for rehearing. If that was ever a valid point — and I do not think it was — it is not a valid point on a petition for rehearing. It does violence to Rule 2-3(g) which does not allow the case to be reargued by a petition for rehearing. The abstract issue and the question of substantial evidence to support the Commission's finding of no liability for appellant's April 1991 shoulder dislocation were resolved by this court's second opinion in this case issued on June 7, 1995. The petition for rehearing on this point simply says the same thing the appellee's brief had said at the time we issued that opinion. The petition for rehearing does contend that we substituted our findings for the findings made by the Commission on the temporary total disability point; however, appellee does not ask that we remand that point to the commission. It simply argues in its petition for rehearing that the evidence is sufficient to support the Commission's decision on that point. This is, of course, the same argument it made in the brief it filed before the opinion it now seeks to reverse was handed down. In *Pannell* v. *State*, 320 Ark. 390, 897 S.W.2d 522 (1995), our supreme court pointed out that Rule 2-3(g) does not allow a case to be reargued by a petition for rehearing and said, "If we were to allow such a practice there would be much less finality to appellate opinions."

I will agree, however, that on the second point in our opinion of June 7, 1995, the petition does call attention to what it considers a specific error of law. Our opinion held that the surgery performed for the April 1991 shoulder dislocation was "clearly

emergency treatment" and therefore the appellee's argument that the surgery was unauthorized medical treatment was misplaced. On this point, the petition for rehearing does say: "At the very least, this Court should have remanded to the Full Commission for a finding on this issue." While I think it doubtful that fair-minded persons could reach the conclusion that the surgery was not "emergency treatment," I will concede that this is a valid point to make by a petition for rehearing, and I would agree to a remand on this point; however, I do not agree to simply reverse on this point.

Therefore, I dissent from the opinion granting rehearing.